UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER FUNG-SCHWARTZ, MD, <br><br> Plaintiff, <br><br> v. <br><br> CERNER CORPORATION and CERNER HEALTHCARE SOLUTIONS, INC., <br><br> Defendants. | **Complaint and Jury Demand** <br><br> 17 Civ. 0233 |

## The Parties, Jurisdiction and Venue

1. Plaintiff, Jennifer Fung-Schwartz, is a medical doctor with a principal place of business at 50 West 97th Street, Suite 1A, New York, NY 10025.

2. Upon information and belief, Defendant Cerner Corporation ("Cerner Corp.") is a Delaware corporation with a principal place of business at 2800 Rockcreek Parkway, Kansas City, Missouri, 64117. Upon information and belief Cerner Corporation is registered with the New York State Department of State to do business in New York State.

3. Upon information and belief, Defendant Cerner Healthcare Solutions, Inc. ("Cerner Solutions") is a Delaware corporation with a principal place of business at 2800 Rockcreek Parkway, Kansas City, Missouri, 64117. Upon information and belief Cerner Healthcare Solutions, Inc. is not registered with the New York State Department of State to do business in New York State.

4. Upon information and belief, Cerner Corp. directs the day-to-day activities of Cerner Solutions and also provides services to Cerner Solutions clients,

including but not limited to acting as the contract manager for Cerner Solutions, providing client care support services for Cerner Solutions' customers and providing eBilling to Cerner Solutions' customers.

5. The contract between Dr. Fung-Schwartz and Cerner Healthcare Solutions, Inc. directed Dr. Fung-Schwartz to fax the contract to Cerner Corporation. The contract also advised Dr. Fung-Schwartz "To gain access to eBill, contact the Cerner Client Care Contact Center at 866-221-8877 or e-mail ClientCareCenter@cemer.com."

6. Upon information and belief, cerner.com is registered to Cerner Corporation.

7. This is an action for breach of contract, unfair business practices, conversion and fraud. Jurisdiction is conferred by 28 U.S.C. § 1332.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## Background

9. Plaintiff is a medical doctor, board certified in podiatry, with a practice located at 50 West 97th Street in Manhattan.

10. In 2006, Plaintiff contracted with Cerner Solutions for Cerner Solutions to provide Electronic Medical Records (EMR) services to Plaintiff.

11. In 2014, Plaintiff contracted with Cerner Solutions for Cerner Solutions and Cerner Corp. to provide billing services for her practice and also entered into a new agreement for Cerner to provide EMR.

12. Exhibit 1 attached hereto is a true and correct copy of the contracts Dr. Fung-Schwartz entered into with Cerner Solutions for services and support from Cerner Solutions and Cerner Corp.

13. Prior to contracting with Plaintiff as well as at the time of contracting, Cerner Solutions represented that it was capable of handling her billing and timely obtaining re-imbursement for her services from private insurers and government insurance programs.

14. In fact, Cerner Solutions was incompetent and unable to correctly submit claims for reimbursement.

15. Upon information and belief, at the time Cerner Solutions contracted with Dr. Fung-Schwartz, it knew that it was having problems processing claims and was incapable of performing the terms of the contract. Upon information and belief, Cerner Solutions was aware of customer complaints and litigation concerning its inability to process billing for clients.

16. Dr. Fung-Schwartz performed her duties under the contract. Dr. Fung-Schwartz also repeatedly contacted Cerner Solutions and Cerner customer support. Defendants falsely represented to her (1) that they could fix the problems and/or (2) that the problems were her responsibility under the contract to induce her not to leave Cerner.

17. Many private insurers and government re-imbursement programs have a time limit for when they will pay out a claim. Cerner Solutions and Cerner Corp. refused to comply with their contractual duty to timely submit and, if needed, correct claims and to manage Accounts Receivable for Dr. Fung-Schwartz.

18. Upon information and belief, Cerner Solution's incompetence and the failure of Cerner Corp.'s customer service to fix the problems has caused a loss of approximately $115,000 of income to Plaintiff.

19. After Cerner repeatedly failed to properly submit claims for re-imbursement, Dr. Fung-Schwartz obtained another service provider for her billing. With the new service provided, Dr. Schwartz's billings have returned to the level they were before she contracted with Cerner Solutions.

20. Neither Defendant owns the Electronic Medical Records

21. In New York State, patients are entitled to examine and copy medical records even if there is a fee dispute.

22. Cerner continued to supply EMR access to Dr. Fung-Schwartz while the parties discussed her claims for re-imbursement. On October 10, 2016, Dr. Fung-Schwartz's counsel wrote to Cerner's attorney and specifically requested:

> Cerner shall archive and allow access to all of Dr.'s patient files and records, such that the entire physical and electronic patient files may be read and printed by Dr. at a commercially reasonable fee, which fee shall be expeditiously disclosed by Cerner to Dr. in advance

23. Without prior notice, Cerner abruptly cut off access to Dr. Fung-Schwartz's Electronic Medical Records on October 13, 2016.

24. Without access to the EMR, Dr. Fung-Schwartz cannot treat patients. For example, Dr. Fung-Schwartz cannot prescribe medications without access to the EMR.

## Count 1:  Breach of Contract

25. Plaintiff restates and realleges paragraphs 1 through 24 as if fully set forth herein.

26. Defendants' repeatedly failed to correctly process claims pursuant to the terms of the contract.

27. Defendants' material breach harmed Dr. Fung-Schwartz.

### Count 2:  Deceptive Business Practices under  NY GBL § 349

28. Plaintiff restates and realleges paragraphs 1 through 27 as if fully set forth herein.

29. Defendants misrepresented their ability to process claims and provide customer service under the contract.

30. Plaintiff was harmed as a result of Defendants' deceptive business practices.

31. Defendants' misrepresentations were willful.

### Count 3:  Deceptive Business Practices under  NY GBL § 349

32. Plaintiff restates and realleges paragraphs 1 through 31 as if fully set forth herein.

33. Without any legal basis, Defendants are wrongfully withholding patient medical records from their treating physician.

34. Plaintiff was harmed as a result of Defendants' deceptive business practices.

35. Defendants' deceptive business practices were willful.

### Count 4:  Conversion

36. Plaintiff restates and realleges paragraphs 1 through 35 as if fully set forth herein.

37. Defendants' do not have any property interest in Dr. Fung-Schwartz's electronic medical records (EMR).

38. Dr. Fung-Schwartz is the custodian of the EMR and has a property right in the records.

39. Dr. Fung-Schwartz offered to pay Defendants any reasonable costs to allow her to download and print out the records.

40. Defendants are wrongfully withholding vital patient medical information from their treating physician.

41. Defendants' violation of Dr. Fung-Schwartz's property rights are willful and intentional.

### Count 5:  Fraud

42. Plaintiff restates and realleges paragraphs 1 through 41 as if fully set forth herein.

43. Defendants falsely represented to Dr. Fung-Schwartz that they were capable of properly submitting claims for re-imbursement.

44. Defendants repeatedly made additional false statements during their relationship to induce Dr. Fung-Schwartz to stay with Cerner.

45. Defendants knew that they had primary responsibility for submitting claims, knew that they were unable to reliably submit claims when the undertook the contractual obligations and knew that they were unable to fix the problems they had created when they made false statement to the contrary to Dr. Fung-Schwartz.

46. Dr. Fung-Schwartz relied upon Defendants' statements.

47. Dr. Fung-Schwartz paid fees for services which she did not receive, lost out on approximately $115,000 of billings, and incurred other damages as a result of Defendants' intentionally misleading statements.

WHEREFORE Plaintiff demands judgment:

(1) That Defendants, their agents, servants, employees, attorneys and those persons in active concert or participation with Defendants be preliminarily and permanently enjoined and restrained throughout the United States from deleting, destroying, altering, amending or otherwise changing any of Dr. Fung-Schwartz's electronic medical records;

(2) That Defendants, their agents, servants, employees, attorneys and those persons in active concert or participation with Defendants be preliminarily and permanently enjoined and restrained throughout the United States from withholding electronic medical records from Dr. Fung-Schwartz;

(3) That Defendants be required to make available the electronic medical records at issue and cooperate with Dr. Schwartz and any vendor she hires so that she can export, download, print and/or otherwise obtain her own electronic and hard copies of the records;

(4) That Defendants re-imbursement Dr. Fung-Schwartz for the fees she paid for the billing services;

(5) That Defendants pay Dr. Fung-Schwartz $115,000 or such other amount proved which Defendants failed to submit or obtain from third parties;

(6) That Defendants pay such other damages as are proved suffered by Dr. Fung-Schwartz as a result of Defendants' conduct;

(7) That Defendants pay punitive damages;

(8)     That Defendants pay treble damages pursuant to, *inter alia*, NY GBL § 349;

(9)     That Defendants pay costs and attorney fees pursuant to, *inter alia*, NY GBL § 349;

(10)    That Defendants pay pre-judgment interest;

(11)    That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

### Jury Demand

Plaintiff demands trial by jury.

Dated: January 11, 2017

By: *Elizabeth Shieldkret*
Elizabeth Shieldkret (ES 0625)
67-20 Exeter Street
Forest Hills, NY 11375

(718) 997-0290
es@eshieldkret.com

Attorney for Plaintiff,
Jennifer Fung-Schwartz, MD