```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JENNIFER FUNG-SCHWARTZ, MD, et al.,                         :
                                                            :
                              Plaintiffs,                   :
                                                            :          17-CV-233 (VSB)
              - against -                                   :
                                                            :              ORDER
CERNER CORPORATION, et al.,                                 :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/2017

VERNON S. BRODERICK, United States District Judge:

I am in receipt of Plaintiffs' motion for a temporary restraining order and preliminary injunction, (Doc. 23), and the parties' pre-motion letters regarding Defendants' anticipated motion to dismiss, (Docs. 21, 29). On August 4, 2017, I held a conference to discuss the motions.

To obtain a temporary restraining order, the moving party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004); *see AFA Dispensing Group B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) ("It is well established that the standard for entry of a temporary restraining order is the same as for a preliminary injunction."). For the reasons stated on the record at the August 4 conference, including that Plaintiffs have failed to demonstrate irreparable harm and the challenged conduct set forth in the supporting declarations and affidavits occurred primarily in October 2016 and is

thus stale, I find that Plaintiffs' application does not meet the standard. Accordingly, Plaintiffs' motion for a temporary restraining order and preliminary injunction, (Doc. 23), is DENIED.

As discussed at the August 4 conference, Defendants are granted leave to file a motion to dismiss portions of Plaintiffs' amended complaint, and the parties are directed to submit their respective briefing in accordance with the following schedule: Defendants' shall file their motion to dismiss and memorandum of law in support on or before August 18, 2017; Plaintiffs shall file their opposition to Defendants' motion to dismiss on or before September 8, 2017; and Defendants shall file their reply, if any, on or before September 15, 2017. In addition, Defendants' deadline for submitting their answer to those portions of Plaintiffs' complaint that they are not seeking to dismiss is hereby held in abeyance pending resolution of the motion to dismiss.

The parties are further instructed to confer regarding how they wish to proceed with respect to the related case, No. 16-CV-8019 (VSB), and submit a joint letter on or before August 18, 2017, setting forth their proposal or respective proposals.

SO ORDERED.

Dated: August 8, 2017
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge