

# Elizabeth Shieldkret
Attorney at Law

67-20 Exeter Street
Forest Hills, NY 11375

Phone:  (718) 997-0290  
Fax:     (718) 997-0291

Email:  es@eshieldkret.com  
Web:  www.eshieldkret.com

July 6, 2017

By ECF

Honorable Vernon S. Broderick
United States District Judge
United States District Court
    for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

> Re:   Fung-Schwartz v. Cerner, 17 Civ. 233 (VSB)

Dear Judge Broderick:

In response to the Court's June 25, 2018 Order (Doc. 46) requesting a status update on the preliminary injunction issue after remand from the Second Circuit, the parties have set forth their differing positions on whether a hearing is necessary on Plaintiffs' request for a preliminary injunction.

1. **Plaintiffs' Position:  A Preliminary Injunction Is Still Necessary to Avoid Irreparable Harm and Plaintiff Has Met the Standard for Relief**

At the Second Circuit oral argument on June 5, 2018, Cerner stated that it would not violate the Court's August 4, 2017 Order to keep the system on, but that it would continue to seek the ability to turn off Dr. Fung-Schwartz's access to the system. Accordingly, the issue is not moot and Plaintiffs still need a preliminary injunction to maintain the *status quo* during the pendency of the litigation and protect Patients.

Everyone – the Plaintiffs, the Defendants, the department of Health and Human Services (the relevant regulatory agency), the District Court, and the Second Circuit – understands the necessity of preventing the harm to the Patients that will occur if Cerner is allowed to interfere with Dr. Fung-Schwartz's access to her Patients' electronic medical records ("EMR").  That is why HHS says it is illegal for Cerner to block or terminate access to the EMR system in the event of a fee dispute,[1] why the District Court ordered Cerner not to turn off the service while the action is pending, why Cerner never objected to or appealed that Order and why the Circuit left that Order in place after hearing the appeal.

---

[1]   HHS's Office of Civil Rights, FAQ 2074, September 28, 2016, available at: https://www.hhs.gov/hipaa/for-professionals/faq/2074/may-a-business-associate-of-a-hipaa-covered-entity-block-or-terminate-access/index.html

Honorable Vernon S. Broderick  Page 2 of 4
July 6, 2018

The situation remains the same. The wisdom of the District Court and the Circuit in ordering and maintaining that protection for the Patients is still applicable. The Second Circuit vacated the rulings denying preliminary injunctive relief – every ruling except the Order granting the relief – but kept the Order granting the relief in place to protect the Patients. At oral argument, the panel recognized that granting that relief was tantamount to an injunction.

At the oral argument, Cerner also conceded an evidentiary issue which Plaintiffs had raised in the hearing before the District Court on August 4, 2017. The record was undisputed that Dr. Fung-Schwartz and her office staff had no access whatsoever to the electronic medical records system (EMR) after Cerner illegally activated the kill switch in its software. (Docs. 26, 27). Yet Cerner had consistently argued – without the support of any witness – that Dr. Fung-Schwartz and her office had "read-only access." On June 5, 2018, however, Cerner finally conceded that it could only say it had "intended" for Dr. Fung-Schwartz to have read-only access. Thus, Cerner now concedes – as we had argued to the Court on August 4, 2017 – that there is no evidence that Cerner was successful.

The record is replete with examples of the difficulties Cerner had in fully restoring access to the EMR after it activated the kill switch. That is not in dispute. (*See, e.g.,* 16 Civ. 8019 October 18, 2016 Hearing Tr., *passim*). Cerner's latest concession goes to (1) its inability to know how its own system behaves when Cerner seeks to make modifications, as well as (2) the credbility of Cerner's arguments before this Court. These factors necessarily undermine Cerner's ongoing statements about what changes to the use of the system are technically feasible.

The legal point Plaintiffs argued to the Second Circuit was that Plaintiffs will be irreparably harmed without the entry of a preliminary injunction. Irreparable harm is defined as "certain and imminent harm for which a monetary award does not adequately compensate." *Wisdom Imp. Sales Co. v. Labatt Brewing Co.,* 339 F.3d 101, 113 (2d Cir. 2003). The Court must engage in a "but for" analysis:

> Irreparable harm exists "where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied."

*Brenntag Int'l Chem., Inc. v. Bank of India,* 175 F.3d 245, 249 (2d Cir. 1999). As the Court in *Salinger v. Colting,* 607 F.3d 68, 80 (2d Cir. 2010) held:

> the court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *eBay,* 547 U.S. at 391; see also *Winter,* 129 S. Ct. at 375 (quoting 11 A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2948.1 (2d ed. 1995), for the

> proposition that an applicant for a preliminary injunction "must demonstrate that in the absence of a preliminary injunction, 'the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered'")

We can provide additional briefing if the Court believes it would be helpful. We believe it is also appropriate to combine an evidentiary hearing on the motion with a trial on the merits for the conversion claim pursuant to Rule 65(a)(2), Fed. R. Civ. P.

## 2. Defendants' Position: Plaintiffs have still not established imminent harm.

During the August 4, 2017 hearing, the Court concluded Plaintiffs had failed to come forward with evidence to establish imminent harm. The facts have not changed since the hearing last August. Plaintiff Dr. Fung-Schwartz continues to use her electronic medical record platform ("EMR")—provided by Cerner Healthcare Solutions, Inc.—without interruption. Plaintiff continues to refuse to pay for the use of her EMR and Plaintiff has not advised Cerner Healthcare Solutions, Inc., that she intends to transition to another EMR platform (even though she has had almost two years to do so while prosecuting her lawsuits). The Court does not need to hold a hearing to confirm the conclusion it reached in August 2017: Plaintiffs have established no imminent harm.

The Second Circuit vacated the Court's August 8, 2017 Order due to its inability "to discern the intended effect of the District Court's various written and oral pronouncements" concerning Plaintiffs' motion seeking injunctive relief. The Second Circuit "offer[ed] no opinion on the merits of Plaintiffs-Appellants' motion." At the August 4, 2017 hearing, however, the Court made it clear Plaintiffs had failed to establish imminent harm. Defendants respectfully submit the Court may clarify its earlier Order by issuing a new Order confirming the absence of imminent harm and withdrawing its earlier references to Defendants' counsel instructing Defendants to keep Dr. Fung-Schwartz's system active or suggesting Defendants refrain from activating a "kill switch" while Defendants' partial Motion to Dismiss remains pending.

Defendants need not engage in a lengthy analysis of the accuracy of Plaintiffs' commentary on statements made during the June 5, 2018 oral argument before the Second Circuit. Defendants disagree with Plaintiffs' evidenitary conclusions drawn from the oral argument. Contrary to Plaintiffs' claims, Defendants did not, and have not, made any admission concerning the underlying facts in Plaintiffs' lawsuit.

Defendant Cerner Healthcare Solutions does, however, continue to reserve all contractual or equitable rights it may have to take action based on Plaintiff Dr. Fung-Schwartz's continued (intentional) refusal to pay for her EMR or transition to another EMR (despite having two years to do so). (And Plaintiffs cannot establish a basis for a preliminary injunction based on counsel's benign suggestion that Defendant Cerner Healthcare Solutions does not intend to ignore its contractual rights.) *If* Cerner Healthcare Solutions decides to declare its intent to modify Dr. Fung-Schwartz's access while the lawsuit is pending, the parties may present the issue to the Court for its

Honorable Vernon S. Broderick  
July 6, 2018

Page 4 of 4

consideration at that time. Until that occurs, the Court should not issue a preliminary injunction to remedy a hypothetical scenario that presents no exigent circumstances.

Respectfully submitted,

/s/ *Elizabeth Shieldkret*
Elizabeth Shieldkret
*(As to Plaintiffs' Position)*
Counsel for Plaintiffs

/s/ *Patrick N. Fanning*
Patrick N. Fanning
*(As to Defendants' Position)*
Counsel for Defendants