UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JENNIFER FUNG-SCHWARTZ, M.D.,          :
JENNIFER FUNG-SCHWARTZ, D.P.M., L.L.C.,  :
                                       :
                          Plaintiffs,  :
                                       :
          -   against -                :          17-CV-233 (VSB)
                                       :
                                       :
CERNER CORPORATION, AND                :
CERNER HEALTHCARE SOLUTIONS, INC.,     :          **ANSWER TO SECOND**
                                       :          **AMENDED COMPLAINT**
                                       :          **AND COUNTERCLAIM**
                          Defendants.  :
                                       :
-------------------------------------------------------------X

      Defendant/Counterclaim Plaintiff Cerner Healthcare Solutions, Inc. ("Cerner Solutions")

and defendant Cerner Corporation (collectively "Defendants"), for their Answer to Counts 4, 9,

11, 13, 17, and 18 of Plaintiffs' Amended Complaint and for Cerner Solutions' Counterclaims,

answer, state and allege as follows:

<u>The Parties, Jurisdiction and Venue</u>

      1.      Defendants admit the allegations in paragraph 1.

      2.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 2 and therefore deny the same.

      3.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 3 and therefore deny the same.

      4.      Defendants admit the allegations in paragraph 4.

      5.      Answering paragraph 5, Defendants admit Cerner Solutions is a Delaware

corporation with a principal place of business at 2800 Rockcreek Parkway, Kansas City, Missouri

64117. Defendants deny the remaining allegations in paragraph 5.

6.      Answering paragraph 6, Defendants admit Cerner Corporation may provide certain services to Cerner Solutions clients. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore deny the same.

7.      Answering paragraph 7, the contract speaks for itself and Defendants do not need to admit or deny the plain language contained in the paragraph. Defendants deny the remaining allegations in paragraph 7 not specifically admitted herein.

8.      Defendants admit the allegations in paragraph 8.

9.      Defendants admit the allegations in paragraph 9.

10.     Defendants deny the allegations in paragraph 10.

11.     Answering paragraph 11, Cerner Corporation's 10-K SEC filings speaks for themselves and Defendants do not need to admit or deny the plain language contained in the paragraph. Defendants deny the remaining allegations in paragraph 11 not specifically admitted herein.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore deny the same.

13.     Paragraph 13 states neither factual allegations nor legal conclusions against Defendants but merely states a naming convention for the pleading. No answer is therefore necessary from Defendants.

14.     Defendants admit the allegations in paragraph 14.

15.     Defendants admit the allegations in paragraph 15.

<u>Background</u>

16.     Answering paragraph 16, Defendants admit Dr. Fung-Schwartz is a doctor of podiatric medicine with a practice located in Manhattan. Defendants are without knowledge or

2

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore deny the same.

17.    Answering paragraph 17, Defendants deny that Dr. Fung-Schwartz contracted with Cerner Corporation in 2006. Defendants admit the remaining allegations in paragraph 17 upon information and belief.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore deny the same.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore deny the same.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny the same.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore deny the same.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny the same.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny the same.

24.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny the same.

25.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore deny the same.

26.    Answering paragraph 26, Defendants admit the exhibit appears to be a sales order issued by Defendant Cerner Solutions. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore deny the same.

27.     Answering paragraph 27, Defendants admit the exhibit appears to be a sales order issued by Defendant Cerner Solutions. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore deny the same.

28.     Answering paragraph 28, the document speaks for itself and no answer is necessary on behalf of Defendants. To the extent Plaintiffs seek to derive inferences from the document or the statements contained in the document, those allegations are denied. Defendants deny the remaining allegations in paragraph 28 not specifically admitted herein.

29.     Answering paragraph 29, the document speaks for itself and no answer is necessary on behalf of Defendants. To the extent Plaintiffs seek to derive inferences from the document or the statements contained in the document, those allegations are denied. Defendants deny the remaining allegations in paragraph 29 not specifically admitted herein.

30.     Answering paragraph 30, the document speaks for itself and no answer is necessary on behalf of defendants. To the extent Plaintiffs seek to derive inferences from the document or the statements contained in the document, those allegations are denied. Defendants deny the remaining allegations in paragraph 30 not specifically admitted herein.

31.     Answering paragraph 31, the document speaks for itself and no answer is necessary on behalf of Defendants. To the extent Plaintiffs seek to derive inferences from the document or the statements contained in the document, those allegations are denied. Defendants deny the remaining allegations in paragraph 31 not specifically admitted herein.

4

32.     Answering paragraph 32, the document speaks for itself and no answer is necessary on behalf of Defendants. To the extent Plaintiffs seek to derive inferences from the document or the statements contained in the document, those allegations are denied. Defendants deny the remaining allegations in paragraph 32 not specifically admitted herein.

33.     Answering paragraph 33, the document speaks for itself and no answer is necessary on behalf of Defendants. To the extent Plaintiffs seek to derive inferences from the document or the statements contained in the document, those allegations are denied. Defendants deny the remaining allegations in paragraph 33 not specifically admitted herein.

34.     Answering paragraph 34, the document speaks for itself and no answer is necessary on behalf of Defendants. To the extent Plaintiffs seek to derive inferences from the document or the statements contained in the document, those allegations are denied. Defendants deny the remaining allegations in paragraph 34 not specifically admitted herein.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore deny the same.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore deny the same.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 37 and therefore deny the same. Defendants also deny the allegations concerning Cerner's knowledge of the inaccuracy of any statement made pre-contract.

## Medicare Billing

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore deny the same.

5

39.     Answering paragraph 39, Defendants admit plaintiff entered into a contract with Cerner Solutions for certain services. Defendants deny the remaining allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore deny the same.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore deny the same.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny the same.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore deny the same.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore deny the same.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore deny the same.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore deny the same.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny the same.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore deny the same.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore deny the same.

<u>Relationship to Patients and Insurers</u>

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore deny the same.

54.     Defendants admit the allegations in paragraph 54 upon information and belief.

<u>Late Billing and Accounts Receivable</u>

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore deny the same.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore deny the same.

58.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore deny the same.

59.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore deny the same.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore deny the same.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore deny the same.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore deny the same.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore deny the same.

65.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore deny the same.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

68.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore deny the same.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore deny the same.

<u>Cerner Personnel, Reporting and The Practice's Termination of RCM Services</u>

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore deny the same.

72.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore deny the same.

73.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore deny the same.

74.     Defendants deny the allegations in paragraph 74.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore deny the same.

76.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore deny the same.

77.     Defendants deny the allegations in paragraph 77.

78.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore deny the same.

79.    Defendants deny the allegations in paragraph 79.

80.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore deny the same.

81.    Defendants deny the allegations in paragraph 81.

82.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore deny the same.

83.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore deny the same.

84.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore deny the same.

<u>Plaintiffs' allegations concerning conversion of Electronic Medical Records</u>

85.    Answering paragraph 85, Defendants admit they do not own the patient clinical data contained in its electronic medical record solution. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 and therefore deny the same.

86.    Defendants deny the allegations in paragraph 86.

87.    Defendants admit the allegations in paragraph 87 upon information and belief.

88.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore deny the same.

89.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore deny the same.

90.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore deny the same.

91.     Answering paragraph 91, Defendants state that any communication that may have been sent to Dr. Fung-Schwartz speaks for itself. To the extent plaintiffs seek to derive inferences from the document or the statements contained in the document, those allegations are denied. Defendants deny the remaining allegations in paragraph 91 not specifically admitted herein.

92.     Answering paragraph 92, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' retention of an attorney and therefore deny the same. Answering the remaining allegations in paragraph 92, defendants state that any communication from Dr. Fung-Schwartz's attorney speaks for itself and no further answer is necessary. Defendants deny the remaining allegations in paragraph 92 not specifically admitted herein.

93.     Answering paragraph 93, defendants admit Mr. Neuman corresponded with defendants. Defendants deny the remaining allegations in paragraph 93 not specifically admitted herein.

94.     Defendants deny the allegations in paragraph 94.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants deny the allegations in paragraph 96.

97.     Defendants deny the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore deny the same.

100.     Answering paragraph 100, Defendants admit Dr. Fung-Schwartz can migrate the contents of her electronic health records to another electronic medical record platform. Cerner denies the remaining allegations in paragraph 100.

101.     Answering paragraph 101, Plaintiffs state neither facts nor legal conclusions and no answer is therefore necessary from Defendants.

Count 4: Fraud

102.     Answering paragraph 102, Defendants adopt and incorporate their answers to paragraphs 1 through 101 above.

103.     Defendants deny the allegations in paragraph 103.

104.     Defendants deny the allegations in paragraph 104.

105.     Defendants deny the allegations in paragraph 105.

Count 6: Fraud by Cerner Corp. In Claiming It Was A Party to the Contract (dismissed Sept. 13, 2018 – ECF 49 and re-dismissed w/prejudice Sept. 13, 2019 – ECF 64)

106.     Answering paragraphs 106 through 111, the Court dismissed Plaintiffs' common law fraud claim in its September 13, 2018 Opinion & Order (ECF No. 49) and, after Plaintiffs re-pleaded the claim, the Court dismissed the claim with prejudice in its September 13, 2019 Opinion & Order (ECF No. 64). Defendants therefore need not answer the paragraphs contained within Count 6 of plaintiffs' Second Amended Complaint. To the extent Plaintiffs assert facts that require Defendants to provide an answer, those facts are denied.

Count 9: Conversion

112.     Answering paragraph 112, Defendants adopt and incorporate their answers to paragraphs 1 through 111 above.

113.     Answering paragraph 113, Defendants admit they do not have a property interest in patient clinical data contained in electronic medical records or patient insurance claims. Defendants deny the remaining allegations in paragraph 113.

114.     Defendants deny the allegations in paragraph 114.

115.     Defendants deny the allegations in paragraph 115.

116.     Defendants deny the allegations in paragraph 116.

117.     Defendants deny the allegations in paragraph 117.

118.     Defendants deny the allegations in paragraph 118.

<u>Count 11: Tortious Interference with Business Relations</u>

119.     Answering paragraph 119, Defendants adopt and incorporate their answers to paragraphs 1 through 120 above.

120.     Defendants deny the allegations in paragraph 120.

121.     Defendants deny the allegations in paragraph 121.

<u>Count 13: Tortious Interference with Business Relations</u>

122.     Answering paragraph 122, Defendants adopt and incorporate their answers to paragraphs 1 through 121 above.

123.     Defendants deny the allegations in paragraph 123.

124.     Defendants deny the allegations in paragraph 124.

125.     Defendants deny the allegations in paragraph 125.

126.     Defendants deny the allegations in paragraph 126.

127.     Defendants deny the allegations in paragraph 127.

<u>Count 15: Unfair Competition (dismissed Sept. 13, 2018 – ECF 49 and re-dismissed w/prejudice<br>Sept. 13, 2019 – ECF 64)</u>

128.    Answering paragraphs 128 through 131, the Court dismissed Plaintiffs' unfair competition claim in its September 13, 2018 Opinion & Order (ECF No. 49) and, after Plaintiffs re-pleaded the claim, the Court dismissed the claim with prejudice in its September 13, 2019 Opinion & Order (ECF No. 64). Defendants therefore need not answer the paragraphs contained within Count 15 of plaintiffs' Second Amended Complaint. To the extent Plaintiffs assert facts that require Defendants to provide an answer, those facts are denied.

<u>Count 16: Unfair Competition and Misappropriation of Trade Secret<br>(dismissed Sept. 13, 2018 – ECF 49 and re-dismissed w/prejudice Sept. 13, 2019 – ECF 64)</u>

132.    Answering paragraphs 132 through 134, the Court dismissed Plaintiffs' unfair competition claims in its September 13, 2018 Opinion & Order (ECF No. 49) and, after Plaintiffs re-pleaded the claim, the Court dismissed the claim with prejudice in its September 13, 2019 Opinion & Order (ECF No. 64). Defendants therefore need not answer the paragraphs contained within Count 16 of Plaintiffs' Second Amended Complaint. To the extent Plaintiffs assert facts that require Defendants to provide an answer, those facts are denied.

<u>Count 17: Breach of Contract</u>

135.    Answering paragraph 135, Defendants adopt and incorporate their answers to paragraphs 1 through 134 above.

136.    Defendants deny the allegations in paragraph 136.

137.    Defendants deny the allegations in paragraph 137.

138.    Defendants deny the allegations in paragraph 138.

<u>Count 18: Negligence</u>

139.    Answering paragraph 139, Defendants adopt and incorporate their answers to paragraphs 1 through 138 above.

140.    Defendants deny the allegations in paragraph 140.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 and therefore deny the same.

142.    Defendants deny the allegations in paragraph 142.

143.    Defendants deny the allegations in paragraph 143.

144.    Defendants deny the allegations in paragraph 144.

Count 19: Negligence (dismissed w/prejudice Sept. 13, 2019 – ECF 64)

145.    Answering paragraphs 145 through 148, the Court dismissed Plaintiffs' negligence claim with prejudice in its September 13, 2019 Opinion & Order (ECF No. 64). Defendants therefore need not answer the paragraphs contained within Count 19 of Plaintiffs' Second Amended Complaint. To the extent Plaintiffs assert facts that require Defendants to provide an answer, those facts are denied.

Count 20: Fraud (dismissed w/prejudice Sept. 13, 2019 – ECF 64)

149.    Answering paragraphs 149 through 154, the Court dismissed Plaintiffs' fraud claim with prejudice in its September 13, 2019 Opinion & Order (ECF No. 64). Defendants therefore need not answer the paragraphs contained within Count 20 of Plaintiffs' Second Amended Complaint. To the extent Plaintiffs assert facts that require Defendants to provide an answer, those facts are denied.

Answering the WHEREFORE clause of Plaintiffs' Second Amended Complaint and all sub-paragraphs, defendants deny that Plaintiffs are entitled to the relief they have requested. Defendants respectfully ask the Court to enter judgment in defendants' favor on all claims, award Defendants damages on their counterclaim, costs, expenses, and attorney fees, and for such other and further relief as is just and warranted under the circumstances.

## AFFIRMATIVE DEFENSES

155.    Plaintiffs fail to state a claim upon which relief may be granted against Defendants.

156.    Plaintiffs fail to state a claim upon which relief may be granted because Plaintiffs' breach or anticipatory breach of the parties' contractual relationship bars Plaintiffs from recovering damages against Defendants.

157.    Plaintiffs fail to state a claim upon which relief may be granted against Cerner Corporation because Plaintiffs cannot establish they were in a contractual relationship with Cerner Corporation, had any privity of contract with Cerner Corporation, or that Cerner Corporation inherited or owed Plaintiffs common law duties.

158.    Plaintiffs are barred from recovery against Defendants on their tort theories due to the application of the doctrines of contributory fault; or, Plaintiffs' recovery, if any, must be reduced or eliminated by Plaintiffs' contributory or comparative fault in causing or contributing to cause Plaintiffs' alleged damages.

159.    Plaintiffs' alleged damages, if any, were caused by one or more unforeseeable, independent, intervening, or superseding events or conduct over which Defendants had no control and for which Defendants are not legally responsible.

160.    Plaintiffs' alleged damages, if any, were caused by third persons over which Defendants had no control and for which Defendants are not legally responsible.

161.    As set out more fully in Cerner Solutions' Counterclaim, Plaintiffs breached their contracts through their failure to pay money owed under the terms of the parties' contracts. Plaintiffs' breach was material and, as a result, Cerner Solutions is/was excused from performance of its contractual obligations to Plaintiffs.

162.     Plaintiffs' claims are barred due to Plaintiff Dr. Fung-Schwartz's contractual obligations or failure to honor the implied covenant of good faith and fair dealing in performing necessary obligations under the contracts.

163.     Plaintiffs' tort/negligence claims are barred by the economic loss rule.

164.     Plaintiffs have failed to mitigate their damages.

165.     Cerner Solutions is entitled to a set-off from any amount Plaintiffs may recover against Defendants due to the amounts owed by Plaintiffs.

<u>DEFENDANT CERNER SOLUTIONS' COUNTERCLAIMS</u>

Counterclaimant Cerner Solutions, for its Counterclaim against Dr. Fung-Schwartz, states and alleges as follows:

1.     Dr. Fung-Schwartz signed a contract dated March 24, 2006 with Cerner Solutions' predecessor, Cerner Physician Practice, Inc., to purchase an electronic health record (or "EHR") solution for her practice ("2006 Contract"). Dr. Fung-Schwartz attached the 2006 Contract to her Second Amended Complaint as <u>Exhibit 1</u>. Cerner Solutions adopts and incorporates the provisions of the 2006 Contract, as amended or supplemented during the time period of the parties' business relationship. *See, e.g.,* <u>Ex. 2</u>, p. 18, to plaintiffs' Second Amended Complaint.

2.     Dr. Fung-Schwartz signed a Cerner Sales Order with Cerner Solutions dated December 17, 2014 for the purchase of revenue cycle solutions, Business Office Services, and support from Cerner Solutions ("2014 Contract"). Cerner Solutions adopts and incorporates the provisions of the 2014 Contract, attached as <u>Exhibit 2</u> to plaintiffs' Second Amended Complaint.

3.     In the 2006 Contract and 2014 Contract (collectively "the Contracts"), Dr. Fung-Schwartz agreed to pay Cerner Solutions fees for the software, services, and support provided by Cerner Solutions.

4.     Cerner Solutions has performed its obligations under the Contracts.

5.      Dr. Fung-Schwartz has not performed her obligations under the Contracts.

6.      Cerner Solutions made a demand for payment from Dr. Fung-Schwartz under the Contracts. Dr. Fung-Schwartz has failed or refused to pay Cerner Solutions amounts owed under the Contracts.

7.      Dr. Fung-Schwartz has either made no payment, or a partial payment, of amounts owed to Cerner Solutions for a period of more than three years.

8.      As of August 2019, Dr. Fung-Schwartz owes Cerner Solutions a principal unpaid balance of $54,207.08, exclusive of interest, late fees or costs.

<u>Count I – Breach of Contract</u>

9.      Cerner Solutions adopts and incorporates the allegations in paragraphs 1 through 8 of its Counterclaim.

10.      Cerner Solutions and Dr. Fung-Schwartz entered into the Contracts.

11.      The Contracts were supported by good and valid consideration and the Contracts are binding and enforceable against Dr. Fung-Schwartz.

12.      Cerner Solutions has performed its obligations under the Contracts.

13.      Dr. Fung-Schwartz has breached her obligations under the Contracts.

14.      As a result of Dr. Fung-Schwartz's breach of her obligations under the Contracts, Cerner Solutions has been damaged in the principal amount of $54,207.08 (as of August 2019), exclusive of interest, late fees, or costs. Cerner Solutions has continued, and will continue, to sustain damage as a result of Dr. Fung-Schwartz's on-going refusal to honor her obligations to Cerner Solutions under the Contracts.

WHEREFORE, Cerner Solutions asks the Court to enter judgment in its favor and against Dr. Fung-Schwartz on its Counterclaim in the principal amount of $54,207.08 (through August 2019), an amount for additional unpaid fees from August 2019 through the date of the judgment, pre-

judgment interest, penalties, late fees, attorney fees, costs, expenses and for such other and further relief as is just and warranted under the circumstances.

Count II – Quantum Meruit (in the alternative)

15.     Cerner Solutions adopts and incorporates the allegations in paragraphs 1 through 14 of its Counterclaim.

16.     As Cerner Solutions pleads in Count I of its Counterclaim, Cerner Solutions and Dr. Fung-Schwartz entered into the Contracts and the Contracts were valid, binding and enforceable against Dr. Fung-Schwartz.

17.     Nevertheless, if Dr. Fung-Schwartz suggests the Contracts were not enforceable or that Cerner Solutions somehow did not have a right to seek payment for its software, services, and solutions performed, even if the Contracts were somehow not enforceable (and they are), Cerner Solutions would have an alternative right to pursue payment under the theory of *quantum meruit.*

18.     Consequently, and in the alternative, Cerner Solutions has a right to recover from Dr. Fung-Schwartz the value of its benefit conferred in providing Dr. Fung-Schwartz with software, services, and support for the past twelve years.

19.     Dr. Fung-Schwartz has received benefits from Cerner Solutions' provision of software, services, and support to her or her practice.

20.     It would be unjust under the circumstances for Dr. Fung-Schwartz to accept and retain the benefits Cerner Solutions has conferred on her without making payment to Cerner Solutions for the value of the benefits she has received.

21.     Therefore, and in the alternative, if the Court determines the Contracts are somehow unenforceable (and they should be enforceable) and determines Cerner Solutions does not have a right to pursue payments from Dr. Fung-Schwartz under the contracts, Cerner Solutions asks for

an award in *quantum meruit* for the value of the software, services, and support it has provided to Dr. Fung-Schwartz without receiving payment from Dr. Fung-Schwartz.

WHEREFORE, Cerner Solutions asks the Court to enter judgment in its favor and against Dr. Fung-Schwartz on its Counterclaim for the value of its benefits conferred to Dr. Fung-Schwartz without receiving payment, its additional unpaid fees through the date of the judgment, pre-judgment interest, penalties, late fees, attorney fees, costs, expenses and for such other and further relief as is just and warranted under the circumstances.

Count III – Declaratory Judgment

22.    The Court has jurisdiction and authority to hear a declaratory judgment action under 28 U.S.C. § 2201.

23.    Plaintiff Dr. Fung-Schwartz continues to use Cerner Solutions' electronic health record platform in her podiatry practice and—despite having continuing obligations to make payment for the continued use of the electronic health record platform in her podiatry practice—has not made any payment to Cerner for her continued use since May 3, 2016.

24.    Despite continuing to use Cerner Solutions' electronic health record platform and not making any payment for her continued use for more than three years, Plaintiff Dr. Fung-Schwartz has not communicated any intent to migrate or transition from Cerner Solutions' electronic health record platform to a third-party solution.

25.    Plaintiffs allege Defendants do not have a method to export her existing "foot drawings" so that she can migrate to another electronic health record platform. (*See, e.g.,* Second Amended Complaint, ¶ 100.) Upon information and belief, Plaintiffs have used this allegation as an excuse to justify Plaintiffs' continued use of Cerner Solutions' electronic health record platform without payment for more than three years.

19

26.    Defendants or third parties have the ability to migrate foot drawings to another platform upon request and payment for the service by a medical practice. However, upon information and belief Plaintiff Dr. Fung-Schwartz has not entered into any contract or agreement with Cerner for transition services. And upon information and belief Dr. Fung-Schwartz has not entered into any contract or agreement with a third-party for the services necessary to migrate her foot drawings to another electronic health record platform.

27.    Under the provisions of the 2006 Agreement between Cerner Solutions and Plaintiff Dr. Fung-Schwartz, Cerner Solutions may terminate the agreement with cause upon Dr. Fung-Schwartz's default and Cerner Solutions' provision of 20 days written notice and an opportunity to cure the default. (Agreement, ¶ 4.2, attached as Exhibit 1 to Second Amended Complaint.)

28.    Cerner Solutions provided Dr. Fung-Schwartz with notice of termination and an opportunity to cure in 2016.

29.    Despite providing Dr. Fung-Schwartz with notice of termination in 2016, Dr. Fung-Schwartz remains on Cerner Solutions' electronic health record platform to this day.

30.    Cerner Solutions would like to transition away from having any on-going contract or business relationship with Dr. Fung-Schwartz.

31.    Based on Dr. Fung-Schwartz's failure to make any payment to Cerner Solutions for longer than three years and based on the apparent inertia in Plaintiff Dr. Fung-Schwartz's effort to migrate to another platform for her electronic health record solutions following the termination of her Agreement, the parties have a present dispute both as to the timeline of the migration and the method Dr. Fung-Schwartz will use to migrate her patient clinical information and any foot drawings, etc., to another electronic health record platform.

32.     Additionally, based on the lack of any movement from Plaintiffs to migrate to another third-party solution during the past three plus years, court intervention is necessary to settle the present dispute or controversy between the parties and to adjudicate the rights and timeline necessary for Dr. Fung-Schwartz to effect migration of her electronic health record solutions to another platform.

WHEREFORE, Cerner Solutions asks the Court to enter declaratory judgment finding:

a.  Due to the termination of Cerner Solutions' Agreement with Plaintiff Dr. Fung-Schwartz, Dr. Fung-Schwartz must migrate her practice to another electronic health record platform and away from Cerner Solutions' platform;

b.  Dr. Fung-Schwartz may choose to pay either Cerner or a third-party the costs associated with transitioning the patient clinical data (including, but not limited to, foot drawings) to a third-party electronic health record platform;

c.  Dr. Fung-Schwartz shall have a reasonable time from the date of the Court's entry of judgment, not to exceed 90 days, to migrate her practice and any patient clinical data to another electronic health record platform and away from Cerner Solutions' platform;

d.  Upon Dr. Fung-Schwartz's transition of her patient clinical data to a third-party electronic health record platform and away from Cerner Solutions, Cerner Solutions may terminate Dr. Fung-Schwartz's continued access to any Cerner Solutions software, services, or support; and

e.  Dr. Fung-Schwartz must pay Cerner Solutions for the continued use of the Cerner electronic health record platform the date of declaratory judgment through the date Cerner Solutions terminates Dr. Fung-Schwartz's continued access to any Cerner Solutions software, services, or support.

Dated: October 4, 2019

Respectfully submitted,

PEAK LITIGATION LLP

/s/ Patrick N. Fanning
Patrick N. Fanning
4900 Main Street, Suite 160
Kansas City, MO 64112
Phone: 816-281-5405
pfanning@peaklitigation.com
*ADMITTED PRO HAC VICE*

And

SHOOK, HARDY & BACON L.L.P.

/s/ John M. Lyons
John M. Lyons
Two Commerce Square
2001 Market Street, Suite 3000
Philadelphia, PA 19103-7044
Phone: 215-278-2555
Fax: 215-278-2594
jlyons@shb.com

ATTORNEYS FOR DEFENDANTS
AND COUNTERCLAIM PLAINTIFF

CERTIFICATE OF SERVICE

      I hereby certify that on October 4, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically.

/s/ Patrick N. Fanning
An Attorney for
Defendants/Counterclaim Plaintiffs
