USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER FUNG-SCHWARTZ, et al.,

        Plaintiffs,

-against-

CERNER CORPORATION, et al.,

        Defendants.

17-CV-0233 (VSB) (BCM)

**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT AND RESOLVING DISPUTES**

**BARBARA MOSES, United States Magistrate Judge.**

On March 2, 2020, the above-referenced action was referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. No. 77.)

1.     <u>General Pretrial Management</u>. All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must now be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

2.     <u>Pending Applications</u>. The Court notes that this action has been pending for more than three years. After several rounds of motion practice – during which no discovery took place – the pleadings were settled on October 18, 2019, when plaintiffs filed their answer to defendants' counterclaims. On November 14, 2019, the district judge held an initial pretrial conference and issued a Case Management and Scheduling Order (Dkt. No. 72) which required the parties to serve their document demands and interrogatories by December 6, 2019, serve their requests for admission (RFAs), if any, by January 24, 2020, and complete all fact discovery, including depositions, by February 28, 2020. *Id*. ¶ 8(c). They failed to do so. Instead, on February 28, 2020, plaintiffs filed a letter-motion seeking a two-month extension of all discovery

deadlines. (Dkt. No. 75.) On the same date, the parties jointly filed a separate letter seeking judicial assistance in finalizing a confidentiality order. (Dkt. No. 76.) These letters reveal that, during the three and a half months allotted for fact discovery by the district judge: (i) both sides served document requests pursuant to Fed. R. Civ. P. 34, but neither side has produced any documents in response thereto, apparently due to the lack of an agreed confidentiality order; (ii) defendants served RFAs but plaintiffs did not; (iii) defendants served deposition notices but plaintiffs did not; and (iv) plaintiffs declined to produce any witnesses in response to defendants' deposition notices.

      a. <u>Protective Order</u>. Both sides seek the entry of a protective order permitting the parties to label and treat as "confidential" various "sensitive and proprietary documents requested in written discovery," Joint Ltr. at 1, including "protected health information" concerning the patients of plaintiff Fung-Schwartz, who is a podiatrist. Counsel have been discussing such an order since January 13, 2020, and – insofar as can be discerned from their correspondence – have no major disagreements as to substance.[1] Yet they failed to reach agreement on a final form of order, failed to make any interim arrangements, and permitted the fact discovery deadline to expire without resolving this issue (or seeking judicial assistance), which put them in violation of the Case Management and

---

[1] Defendants report that plaintiffs proposed using "Judge Rakoff's form agreement" but defendants prefer an order "based off Judges Cave and Parker's Model Protective Order," modified to remove the "attorneys' eyes only" category," "broaden the scope of the definition of confidentiality," and "add HIPAA language." Joint Ltr. at 2. It is not clear to this Court what differences remain, if any, between their competing forms, neither of which has been submitted for review. Nor is it clear why the lack of a confidentiality order has prevented the parties from producing any documents at all pursuant to Rule 34. It would be a rare case in which every relevant document is also a "confidential" document.

Scheduling Order. This Court expects better. In order to resolve this issue as efficiently as possible, the Court will separately enter a protective order in the form of Judge Moses's current Model Protective Order (which does not contain an attorneys' eyes only provision). The parties are free to continue their negotiations concerning a different or modified form of order, but in the interim must proceed with discovery and cannot withhold otherwise-discoverable documents on the ground that they have yet to agree on a perfect form of order. Any different or modified form of protective order to which the parties stipulate must be presented to the Court, attached to a letter-motion, no later than **March 18, 2020**. If the parties cannot reach agreement, they may submit a joint letter by the same deadline, limited to one page per side, which *briefly* summarizes the disagreement(s) and attaches clean copies of each side's preferred form, together with a redline showing the differences.

b. <u>Extension of Deadlines</u>. The deadlines set forth in the Case Management and Scheduling Order are extended as follows:

    i. <u>Automatic Disclosures</u>. Any remaining documents or information required by Fed. R. Civ. P. 26(a)(1) shall be exchanged no later than **March 11, 2020**.

    ii. <u>Responses to Document Requests and Interrogatories</u>. The parties shall serve their written responses to the document demands and interrogatories served in 2019, and shall produce all responsive and nonprivileged documents, no later than **March 18, 2020**. If documents are withheld as privileged, the withholding party shall serve its privilege log, in accordance with Local Civil Rule 26.2, no later than **March 25, 2020**.

    iii. <u>Responses to RFAs</u>. Plaintiff shall serve their responses to defendants' timely-served RFAs no later than **March 18, 2020**. The deadline to serve new RFAs has passed. Any party seeking

3

|      | permission to serve tardy RFAs may request permission to do so by letter-application, attaching a copy of the proposed RFAs. |
| ---- | --- |
| iv.  | Depositions. Party depositions shall be completed no later than **April 24, 2020**. Nonparty depositions shall be completed no later than **May 8, 2020**. The parties are expected to schedule depositions cooperatively, in advance, in an effort to minimize burden or inconvenience to the witnesses, the parties, and counsel. |
| v.   | Close of Discovery. Fact discovery shall be completed no later than **May 8, 2020**. All discovery, including expert disclosures and depositions, shall be completed no later than **July 2, 2020**. |
| vi.  | Status Conference. Judge Moses will conduct a discovery status conference on **April 2, 2020, at 11:30 a.m., in Courtroom 20A** of the Daniel Patrick Moynihan United States Courthouse. One week prior to that date, on **March 26, 2020**, the parties shall submit a joint status letter outlining the progress of fact discovery to date, the need for expert discovery (if any), as well as any settlement efforts. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically. If the parties believe that a judicially supervised settlement conference would be productive, they should so request, and provide at least two proposed dates. Judge Moses holds settlement conferences at 2:15 p.m. Mondays through Thursdays, and in most cases requires the personal attendance of the parties as well as counsel. |

3. Cautions. Parties and counsel are reminded:

   a. Future discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. All discovery must be initiated in time to be concluded by the close of discovery set by the Court.

   b. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a

party shows good cause why more formal briefing should be required. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

c. For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

d. Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing, *before* the date of the proceeding or expiration of the deadline at issue, and otherwise in compliance with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained. Extension applications made after the expiration of the deadline in question may be summarily denied.

e. In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments, unless the Court orders otherwise. Courtesy copies of letters and letter-motions filed via ECF are required only if the filing contains attachments, which must be attached with protruding tabs.

f. Counsel are strongly advised to review the current version of the Federal Rules of Civil Procedure, which were substantially amended in December 2015, before seeking judicial intervention regarding a discovery dispute. Among other things Rule 26(b)(1) has been amended to limit the scope of discovery to matters that are non-privileged, relevant, and "proportional to

the needs of the case." Rule 26(g) requires counsel to sign discovery requests, responses, and objections, thereby certifying that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, each disclosure is "complete and correct as of the time it is made," and that each request or objection is "consistent with these rules," not interposed for any improper purpose, and neither unreasonable not unduly burdensome or expensive. Rule 34(b)(2) requires the responding party to "state with specificity the grounds for objecting to the request, including the reasons," and to do so with respect to "each item or category."

4. <u>Fed. R. Evid. 502(d) Order</u>. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Dated: New York, New York
March 4, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**