MANDATE

Case 19-2058, Document 91, 05/18/2020, 2841756, Page 1 of 5
Case 1-17-cv-00233-VSB-BCM   Document 88   Filed 05/18/20   Page 1 of 5

N.Y.S.D. Case #
17-cv-0233(VSB)

19-2058
*Fung Schwartz v. Cerner Corp.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty.

PRESENT:

> DENNIS JACOBS,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

---

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:  _____
> DATE FILED: **May 18, 2020**

JENNIFER FUNG SCHWARTZ, M.D., JENNIFER FUNG-SCHWARTZ, D.P.M., L.L.C.,

> *Plaintiffs-Appellants,*

v.                                                              No. 19-2058

CERNER CORPORATION, CERNER HEALTHCARE SOLUTIONS, INC.,

> *Defendants-Appellees.**

---

FOR PLAINTIFFS-APPELLANTS:            Elizabeth Shieldkret, Forest Hills, NY.

_____

* The Clerk of Court is respectfully requested to amend the official caption as above.

1

Case 19-2958, Document 81, 05/18/2020, 2841756, Page2 of 5

FOR DEFENDANTS-APPELLEES:      Patrick N. Fanning (Bethany M. Shelton, *on the brief*), PEAK Litigation LLP, Kansas City, MO

Appeal from an order of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on June 7, 2019, is **AFFIRMED**.

Plaintiffs-Appellants Jennifer Fung-Schwartz, M.D. and Jennifer Fung-Schwartz, D.P.M., L.L.C. ("the practice" or "Plaintiffs") appeal from the District Court's order denying their motion for a preliminary injunction requiring Defendants-Appellees Cerner Corporation and Cerner Healthcare Solutions, Inc. (collectively, "Cerner") to maintain their access to Cerner software during the pendency of the underlying civil action filed by Plaintiffs. We assume the parties' familiarity with the relevant facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Dr. Fung-Schwartz operates a podiatry practice in Manhattan. In 2006, her practice began using Cerner's electronic medical record ("EMR") software, which stores patient data in a Cerner-controlled system. In December 2014, her practice entered into a new five-year agreement (the "Agreement") with Cerner, under which Cerner would provide both EMR services and electronic billing services to administer the practice's billing to both private insurers and Medicare. In early 2016, having experienced difficulties with respect to Cerner's billing services, Dr. Fung-Schwartz and Cerner resolved to terminate the Agreement as to billing services effective June 1, 2016, but to continue the practice's use of Cerner's EMR services. During and after the negotiations that led to these decisions, the parties vigorously disputed their relative rights and responsibilities, particularly with regard to fees owed.

Plaintiffs allege that, with these disputes still unresolved, on October 13, 2016, without warning, the practice lost access to all of its records housed on Cerner platforms. These included all of the practice's patient medical records, contact information, and schedules dating back to 2006. Plaintiffs submit that Cerner deliberately and wrongfully deprived them of access in an attempt to force Plaintiffs' hand in the ongoing fee dispute. Plaintiffs did not regain full EMR access until October 18, five days later. Then, in early January 2017, Plaintiffs experienced a second, more minor interruption of service, limited to the software function that verifies patient insurance information. Cerner later explained that the verification function was operated by a third party, and Cerner disclaimed responsibility for the interruption.

Plaintiffs then sued Cerner separately for each service interruption. This appeal arises out of the second lawsuit, filed in January 2017.

In July of that year, Plaintiffs sought a preliminary injunction primarily prohibiting Cerner from denying the practice access to its medical records. In August 2017, the District Court denied Plaintiffs' motion for failure to demonstrate irreparable harm, observing that the challenged conduct occurred primarily in October 2016 and the matter was thus "stale." App'x at 112. At the August 4 hearing for Plaintiffs' motion, however, the District Court stated that "during the pendency of the motion to dismiss, *the system should remain on.*" *Id.* at 107-08 (emphasis added).

Plaintiffs timely noticed an interlocutory appeal of that denial, and this Court vacated the order and remanded the cause for clarification of the "intended effect of the District Court's various written and oral pronouncements regarding [the] motion." *Fung-Schwartz v. Cerner Corp.*, 726 F. App'x 97, 98 (2d Cir. 2018). On June 7, 2019, the District Court clarified that it denied the requested preliminary injunction because it found that "any claim of harm is not imminent and is speculative." *Fung-Schwartz v. Cerner Corp.*, No. 17-CV-233 (VSB), 2019 WL 4015259, at *1 (S.D.N.Y. June 7, 2019). Plaintiffs now appeal this denial, arguing that the District Court incorrectly determined that they failed to show irreparable harm.

3

To obtain a preliminary injunction, the moving party must show
"(1) irreparable harm; (2) either a likelihood of success on the merits or both serious
questions on the merits and a balance of hardships decidedly favoring the moving
party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer
League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). We review a
district court's order denying a preliminary injunction for abuse of discretion. *Id.* at
36.

The District Court's analysis of Plaintiffs' preliminary injunction motion began
and ended with the finding that Plaintiffs failed to demonstrate irreparable harm. In
this, we identify no error. "Irreparable harm is injury that is neither remote
nor speculative, but actual and imminent and that cannot be remedied by an award of
monetary damages." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660
(2d Cir. 2015) (internal quotation marks omitted). Here, Plaintiffs argue that they
would suffer irreparable harm if Cerner unexpectedly cut off the practice's access to
patient medical records. Plaintiffs have offered no evidence that Cerner is likely to do
so, however, much less that Cerner will do so *imminently*. Plaintiffs contend that "the
only reason Cerner avers that [it stopped] using the kill switch is the risk of contempt
for violating the August 4, 2017 Orders." Appellants' Br. at 34. But they point to no
record evidence that Cerner has even threatened to block Plaintiffs' EMR access.
Indeed, Cerner represented to the District Court in July 2018 that it would take no
action impeding Plaintiffs' access without first advising the District Court. App'x at
155-56.

District courts commit no abuse of discretion when they deny requested
preliminary injunctions and the evidence supporting a claim of imminent irreparable
harm consists only of the plaintiffs' conjecture that the defendant *might* take a harmful
step at some point in the future. *See, e.g., Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559
F.3d 110, 120 (2d Cir. 2009) (vacating preliminary injunction when record did not
"support the conclusion that [plaintiff] would suffer irreparable harm unless
[defendant] was enjoined from doing what the evidence indicated it was unlikely to

Case 19-3058, Document 81, 05/18/2020, 2841756, Page5 of 5

do in the absence of an injunction—disseminate or otherwise irreparably impair [plaintiff's] trade secrets"). Accordingly, we conclude that the District Court did not err in denying Plaintiffs' motion for a preliminary injunction.

* * *

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's order is **AFFIRMED**.

FOR THE COURT:
Catherine O' Hagan Wolfe

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5