UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER FUNG-SCHWARTZ, et al.,

    Plaintiffs,

-against-

CERNER CORPORATION, et al.,

    Defendants.



17-CV-0233 (VSB) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed during the May 27, 2020 continued discovery conference, which resolved some but not all of the remaining discovery disputes between plaintiffs Dr. Jennifer Fung-Schwartz, D.P.M. (Dr. Fung-Schwartz) and her wholly owned podiatry practice, Jennifer Fung-Schwartz, DPM, LLC (the Practice), and defendants Cerner Healthcare Solutions, Inc. (Cerner Solutions) and its affiliate (Cerner Corporation) (collectively Cerner), it is hereby ORDERED that:

Defendants' Damages Calculation. Defendants need not further supplement their answer to plaintiffs' Interrogatory No. 9. (Dkt. No. 90 at ECF pages 8-10.) Defendants, who have denied any liability to plaintiffs, are not required, at this stage of the case, to provide a computation of the damages that they would owe plaintiffs should their liability defenses fail.

Documents Concerning HHS FAQ 2074. Defendants need not supplement their answer to plaintiffs' Interrogatory No. 8 (Dkt. No. 90 at ECF page 37), which requests that defendants identify the existence, custodian, location and general description of all of their documents "concerning HHS FAQ 2074." In response to plaintiffs' related document request, Request for Production (RFP) No. 48 (Dkt. No. 90 at ECF page 28), defendants shall produce all non-privileged internal memoranda and communications from September 2016 through January 2017, including but not limited to memoranda and communications sent to Cerner staff,

disseminating, discussing, interpreting, or providing guidance for implementing HHS FAQ 2074.

<u>Contractual Interpretation Documents</u>. Defendants need not produce documents in response to plaintiffs' RFP No. 17 (Dkt. No. 90 at ECF page 15), which requests all documents which defendants "allege demonstrate or are relevant to the meaning or interpretation of any word or clause in any contract between or among the parties to the action." The request improperly seeks defendants' work product. Moreover, no showing has been made that defendants have "allege[d]" that any documents outside of the relevant contracts "demonstrate or are relevant to" their meaning or interpretation.

<u>Documents regarding Third-Party Providers</u>. Defendants need not produce any additional documents in response plaintiffs' RFP Nos. 1 and 2 (Dkt. No. 90 at ECF pages 11-12), as they have already agreed to produce responsive non-privileged documents. Defendants shall further supplement their response to plaintiffs' Interrogatory No. 2 (Dkt. No. 86 at page 18), if necessary, to identify the third party responsible for the prescription-writing module used by Dr. Fung-Schwartz in 2016 and 2017. In response to plaintiffs' RFP No. 14 (Dkt. No. 90 at ECF page 14), defendants shall produce the contracts between Cerner and the providers identified in response to plaintiffs' Interrogatory No. 2 (as supplemented in compliance with this Order) that were in effect during the approximately 18-month period that the RCM contract was in effect between Cerner and Dr. Fung-Schwartz. Defendants need not produce any further documents in response to plaintiffs' RFP Nos. 18 and 19 (Dkt. No. 90 at ECF pages 15-16) (except to the extent that documents responsive to RFP No. 19 must also be produced in response to RFP No. 14 as limited above).

<u>Employee Training and Qualifications</u>. In response to plaintiffs' RFP Nos. 29 and 30 (Dkt. No. 90 at ECF pages 22-23), defendants represented to the Court at the May 27 conference

that they have agreed to produce materials sufficient to show the internal BOS services training provided to the Cerner employees responsible for Dr. Fung-Schwartz's BOS services, as well as internal resumes for those employees if such internal resumes exist. Defendants shall also produce Cerner's internal job descriptions, if any, for the positions held by those employees when responsible for Dr. Fung-Schwartz's BOS services. Defendants need not produce any additional documents in response to RFP Nos. 29 and 30.

Continued Discovery Conference. The next discovery conference will take place via teleconference on **June 1, 2020 at 11:00 a.m**. At that time, counsel are directed to call the Court's conference line **(888) 557-8511** and enter the access code **7746387**. The parties are encouraged to continue to meet and confer (remotely) among themselves in an attempt to further narrow the scope of their discovery disputes in advance of the June 1 conference.

Dated: New York, New York
       May 28, 2020                              **SO ORDERED**.

                                                 _____
                                                 **BARBARA MOSES**
                                                 **United States Magistrate Judge**