

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER FUNG-SCHWARTZ, et al.,

    Plaintiffs,

-against-　　　　　　　　　　　　　　　17-CV-0233 (VSB) (BCM)

CERNER CORPORATION, et al.,　　　　**ORDER**

    Defendants.

**BARBARA MOSES, United States Magistrate Judge.**

On June 2, 2020, the Court conducted a continued discovery conference to resolve the remaining disputes between plaintiffs Dr. Jennifer Fung-Schwartz, D.P.M. (Dr. Fung-Schwartz) and her wholly owned podiatry practice, Jennifer Fung-Schwartz, DPM, LLC (the Practice), and defendants Cerner Healthcare Solutions, Inc. (Cerner Solutions) and its affiliate (Cerner Corporation) (collectively Cerner). For the reasons discussed during the June 2 conference, it is hereby ORDERED that:

<u>Defendants' RCM and EMR Products</u>. In response to plaintiffs' Request for Production (RFP) No. 13 (Dkt. No. 90 at ECF page 13), defendants shall produce documents sufficient to identify each product or service concerning revenue cycle management (RCM) and electronic medical records (EMR) that they supplied to plaintiffs since January 1, 2013.[1]

<u>Defendants' Costs and Pricing</u>. Defendants need not produce any additional documents in response to RFP No. 52 (Dkt. No. 90 at ECF page 30). In response to RFP No. 53 (Dkt. No. 90 at ECF page 31), defendants shall produce documents sufficient to identify the lowest price that they charged during the period 2015-16 for EMR services, comparable to those provided to plaintiffs, furnished to other solo medical practices. Defendants may designate such documents

---

[1] Although the Second Amended Complaint uses the acronym EMR, as does RFP No. 13, other portions of the discovery requests and responses now at issue use the acronym EHR, which the Court understands to mean Electronic Health Records, and which appears to be used interchangeably with EMR.

as "attorneys' eyes only" and redact the names and other individually identifying information regarding the Cerner's customer(s) receiving those services.

Defendants' Advertising Materials. Defendants have confirmed that they do not seek quantum meruit recovery for services provided during the time period covered by RFP No. 21 (Dkt. No. 90 at ECF page 17). Consequently, defendants need not produce any additional documents in response to RFP No. 21. In response to RFP No. 22 (Dkt. No. 90 at ECF page 18), defendants shall produce (to the extent they have not already produced) all marketing and promotional materials concerning RCM products or services for solo medical practices that defendants were using in 2014, whether actually sent to plaintiffs or not.

Systemic Problems. During the conference, plaintiffs modified RFP No. 26 (Dkt. No. 90 at ECF page 20) considerably, requesting documents that discuss or evidence "systemic problems," known to defendants during the period 2012-16, concerning Cerner's BOS services provided to solo or small medical practices. In particular, plaintiffs explained, they are interested in documents reporting or discussing the applicable "clean claims rate," "rejected claims rate," "recovery rate," and similar statistics for the relevant customer segment. However, it was apparent to the Court that the parties had not yet met and conferred regarding plaintiffs' modified request and that defendants' counsel was not in a position to advise the Court concerning, *inter alia*, whether responsive documents exist. Consequently, defendants need not produce additional documents in response to RFP No. 26 at this time, but must promptly meet and confer in real time (remotely) and in good faith with plaintiffs regarding the modified request. Thereafter, should the parties be unable to come to a negotiated resolution, and should plaintiffs require judicial intervention, they shall file their letter-application no later than **June 9, 2020**.

EMR Service Cut-off Protocol. In response to RFP No. 31 (Dkt. No. 90 at ECF page 24), defendants shall produce (to the extent they have not already produced) all internal checklists or protocols, in effect for the year 2016, describing the circumstances or preconditions required for Cerner to terminate a customer's EMR services for non-payment.

In response to RFP Nos. 57 and 58 (Dkt. No. 90 at ECF pages 32-33), defendants shall produce (to the extent they have not already produced) all internal checklists, protocols, and training materials provided to the Cerner employees serving solo or small medical practices that describe the circumstances or preconditions required for Cerner to (a) terminate a customer's EHR services for non-payment; or (b) balance-bill a patient after the relevant insurance carrier rejected the patient's insurance claim. Defendants need not produce any additional documents in response to RFP No. 59 (Dkt. No. 90 at ECF page 33).

Key Performance Indicator Reports. With respect to RFPs Nos. 37, 38, and 39 (Dkt. No. 90 at ECF pages 25-26), which seek "[a]ll documents" concerning rejected claims, duplicate claims, and written off claims, defendants note that the monthly Key Performance Indicator (KPI) reports provided to plaintiffs during the term of the parties' ECM contract contain responsive information on a monthly basis, and that plaintiffs also have access to each underlying claim. Plaintiffs respond that the KPI reports do not identify the individual claims "rolling up" to the summaries provided. Defendants state that while they could reconstruct the process (correlating the monthly reports to the underlying individual claim), plaintiffs are equally able to do so and thus that the burden should not fall on defendants. Plaintiffs insist that, since defendants produced the KPI reports in the first instance, they must have tools that could quickly and accurately perform that function and/or break out the reports based on specified metrics. It appears to the Court that this is an issue is not sufficiently developed to permit a ruling with

respect to document production. Plaintiffs may pursue the issue, including through depositions, and may seek a further court order if and when they are prepared to demonstrate not only that the information sought is relevant and proportional, but also that the information sought is not equally available to both parties and that the request does not place an undue burden on defendants.

Double Billed and Rejected Medicare Claims. In response to RFP Nos. 40 and 41 (Dkt. No. 90 at ECF pages 26-27), which request "[a]ll documents" concerning "double billing of Medicare claims in Defendants' system for any client" and "the rate of rejected Medicare claims submitted by Defendants," defendants shall search for and produce – if found – any statistical reports or compilations for the years 2012-2016 that track double billing and/or rejection rates with respect to Medicare claims for BOS services provided to solo and small medical practice groups.

EMR Migration. In response to RFP No. 49 (Dkt. No. 90 at ECF page 29), defendants shall search for and produce – if found – any documents evidencing studies or estimates, created from 2015 to the present, which project the time and/or expense likely incurred by a solo or small medical practice to migrate their EMR from Cerner to another provider (including any associated re-creation of the practice's EMRs). In further response to RFP Nos. 49 and 50 (*id.*), and in accordance with an offer previously made by defendants, plaintiffs shall identify, by **June 9, 2020**, two potential successor EMR service providers, and defendants shall then promptly provide a quotation, as to each such provider, regarding the cost of migrating plaintiffs' records to that provider, and shall produce, for each such provider, any internal checklists or protocols, in effect from 2015 to the present, concerning the steps required to migrate a solo or small medical practice group's EMR from Cerner to that provider.

<u>Sunset EMR</u>. Defendants need not produce any additional documents in response to RFP No. 61 (Dkt. No. 90 at ECF page 35).

<u>Discovery Timeline</u>. The parties shall substantially complete written discovery, including document production, in accordance with this Court's rulings, no later than **June 23, 2020.** The parties shall file a joint letter on **June 24, 2020**, confirming that they have done so or – in the event they cannot so confer – describing any barriers to substantial completion. The parties are reminded that they are required to serve privilege logs in accordance with Local Civil Rule 26.3 if they have withheld otherwise discoverable documents or information on privilege grounds. Their deadline for the completion of fact discovery, including fact depositions, remains **July 31, 2020.** (*See* Dkt. No. 89 ¶ 7.)

Dated: New York, New York
    June 3, 2020                    **SO ORDERED**.

*[signature]*

**BARBARA MOSES**
**United States Magistrate Judge**