UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER FUNG-SCHWARTZ, et al.,

      Plaintiffs,

  -against-

CERNER CORPORATION, et al.,

      Defendants.

17-CV-0233 (VSB) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/26/2020

**BARBARA MOSES, United States Magistrate Judge.**

On June 18, 2020, the Court granted plaintiffs' request to extend their deadline to seek reconsideration of a discovery order issued on June 3, 2020 (Dkt. No. 98) "until three days following plaintiffs' receipt of the transcript of the June 2, 2020 conference." (Dkt. No. 101.). Plaintiffs received the transcript by email at 1:02 p.m. on Friday, June 19, 2020. On Monday, June 22, 2020, plaintiffs filed their Motion for Reconsideration and accompanying six-page Memorandum of Law, seeking reconsideration of the Court's prior ruling as to plaintiffs' Request for Production (RFP) No. 52. (Dkt. No. 104.) Three days later, on June 25, 2020, plaintiffs submitted a twenty-page Corrected Memorandum of Law (Dkt. No. 106), accompanied by a letter (Dkt. No. 105) arguing that because their counsel received the transcript "shortly before the close of business" on Friday, they "had only one business day to address the issues" before the reconsideration motion was due the following Monday.

In the Court's view, 1:02 p.m. does not qualify as "shortly before the close of business." The Court further notes that plaintiffs' "corrected" memorandum is not only three times the length of their original brief; it seeks reconsideration of the Court's prior rulings as to four times as many RFPs: Nos. 52, 57, 58, and 59. Additionally, plaintiffs now ask the Court to "enter a written Order" memorializing defendants' representation – made on the record during the June 2 conference – that their *quantum meruit* claim "dates from 2015 and no earlier." Corr. Mem. at 1,

19-20. It thus appears that plaintiffs simply failed to complete the necessary analysis and drafting within the three-day extension that they requested and received. *See* Fed. R. Civ. P. 6(a)(1)(B) (in computing a period of time "stated in days or a longer unit of time," parties are to "count every day, including intermediate Saturdays, Sundays, and holidays").

Nonetheless, in accordance with the spirit of Fed. R. Civ. P. 1 and this Court's preference for resolving disputes on the merits, plaintiffs' letter-application is GRANTED and the Corrected Memorandum is accepted. Defendants' responding papers are due no later than July 9, 2020. *See* Local Civ. R. 6.1(b).

Dated: New York, New York
       June 26, 2020                    **SO ORDERED**.

                                        **BARBARA MOSES**
                                        **United States Magistrate Judge**