

# Elizabeth Shieldkret
Attorney at Law

67-20 Exeter Street
Forest Hills, NY 11375

Phone:  (718) 997-0290
Fax:    (718) 997-0291

Email:  es@eshieldkret.com
Web:    www.eshieldkret.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/28/2020

July 24, 2020

**MEMO ENDORSED**

By ECF
Honorable Barbara C. Moses
United States Magistrate Judge
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

     Re: *Fung-Schwartz v. Cerner*, 17 Civ. 233 (VSB)(BCM)

Dear Magistrate Judge Moses:

I represent the Plaintiffs in the above-captioned matter. I write to request a ruling that Defendants produce a knowledgeable witness for 3 topics for their 30(b)(6) depositions, which have been noticed for July 31, 2020 and to produce un-redacted copies of relevant documents before the depositions. In addition to exchanging e-mails, counsel held a meet and confer by telephone on July 23, 2020 for approximately 40 minutes. Plaintiffs agreed to narrow some of the topics, but Defendants continue to refuse to produce a witness for each of the topics discussed herein. We respectfully request the Court either grant expedited consideration or allow the 30(b)(6) depositions to be completed after the Court has ruled.

1. <u>The Topics</u>

Plaintiffs noticed a 30(b)(6) deposition of each Defendant on the following topics:

1. The contracts and sales orders between any Plaintiff and any Defendant, including but not limited to which Defendant (or Cerner Physician Practice, Inc.) or outside contractor was responsible for performing each of the services and contract management.
2. HHS FAQ 2074 and/or HIPAA compliance.
3. The circumstances surrounding each change in Plaintiffs' access to their electronic medical records in October 2016 and January 2017.
4. Problems, complaints or issues with Cerner's BOS services.

Honorable Barbara C. Moses                                                                        Page 2 of 4
July 24, 2020

2.   Defendants' Redacted Documents and Refusal to Provide a Witness for Topic 4

On May 22, 2020, the Court ordered Defendants to produce:

> In response to plaintiffs' RFP 45 (Dkt. No. 86 at ECF page 50), defendants must produce documents concerning complaints made by individual physicians or private medical practices about Cerner Solutions' BOS products and services within the three-year period ending with the execution of the RCM contract between Dr. Fung-Schwartz and Cerner Solutions.

(Dkt. 89). The Court gave Defendants until June 30, 2020 to produce the documents. (Dkt. 101). There is a protective order in this action. (Dkt. 81).

Nevertheless, Defendants redacted the names and addresses in the documents, making it impossible to determine who made the complaint. (See attached example, filed under seal). The redacted documents make it impossible to effectively question witnesses. For example, it is not possible for a witness to know whether more than one complaint letter came from the same doctor or attorney. The redactions also make it impossible for Plaintiffs to identify non-party witnesses in possession of information the Court has already found is relevant to this action.

In addition to redacting the documents, both Defendants refuse to produce a 30(b)(6) witness to testify about what the Defendants knew about complaints prior to Dr. Fung-Schwartz signing up for BOS services. Thus, Cerner refuses to provide a witness with knowledge of the very documents this Court ordered Cerner to produce.

Accordingly, we respectfully request the Court rule that Defendants must provide a knowledgeable witness concerning, *inter alia*, "complaints made by individual physicians or private medical practices about Cerner Solutions' BOS products and services within the three-year period ending with the execution of the RCM contract between Dr. Fung-Schwartz and Cerner Solutions." and provide unredacted versions of the documents prior to the depositions.

3.   Topic 2:  Cerner's October 2016 Outages

Cerner acknowledges that it must provide a witness concerning the outages to Plaintiffs' EMR services in October 2016. However, there was more than one problem with the services in October 2016, including the multiple problems turning the system back on. (*See, e.g.*, October 18, 2016 Tr. 6:23-8:30). Plaintiffs 30(b)(6) topic is:

> The circumstances surrounding each change in Plaintiffs' access to their electronic medical records in October 2016 and January 2017.

The parties understand "change" to mean both when the services were turned off and turned on. Defendants objected to the word "circumstances." We seek testimony concerning how Cerner's decision to make each change was made and the effect on the medical records system. We advised Cerner that it had produced documents on this topic and further advised that the time period for the October outages was from

Honorable Barbara C. Moses                                                                Page 3 of 4
July 24, 2020

September 2016 – October 2017.  Cerner said it would not produce a witness unless we told them in advance which documents we would use at the deposition.  We respectfully request the Court rule that Cerner must provide a knowledgeable witness about the circumstances in September and October 2016 surrounding the outages and restoration of Plaintiffs' electronic medical records.

4.      Topic 2:  Cerner's January 2017 Outage

Cerner refuses to produce a witness to testify about the disruption to Dr. Fung-Schwartz's services in January 2017.  Cerner previously attributed the outage entirely to a third-party.  Mr. Fanning made the following representation to the Court:

> MR. FANNING: And then the issue that was referenced in January was a third-party application interruption, <u>not something where Cerner had advised to disconnect</u> or do anything with the solution.

August 4, 2017 Tr. 5:13-16 (emphasis added).  However, Cerner's documents state the exact opposite – that Cerner knowingly told the third-party to terminate the service.  This issue goes to, *inter alia*, Plaintiff's tortious interference claim as well as Cerner's counterclaims.  Accordingly, we respectfully request the Court rule that Cerner must provide a 30(b)(6) witness knowledgeable about the January 2017 outage.

5.      Areas of Agreement

Topic 1

This topic concerns approximately 7 documents, most of which Defendants marked at Dr. Fung-Schwartz's deposition.  Our understanding is that Cerner agreed to provide a witness for Topic 1, concerning the contracts among the parties and predecessor, including contract management (*e.g.*, whether Cerner ever signed the documents and/or lost them and what information Cerner has in its contract management system).  Defendants also agreed to produce a witness knowledgeable about which entity or contractor was responsible for providing each of the services, with the focus on the 2014 bundle of billing and medical records services.

Topic 2

On May 28, 2020, the Court ordered:

> defendants shall produce all non-privileged internal memoranda and communications from September 2016 through January 2017, including but not limited to memoranda and communications sent to Cerner staff, disseminating, discussing, interpreting, or providing guidance for implementing HHS FAQ 2074.

(Dkt. 94, pp. 1-2).  Incredibly, Cerner claims there are no such documents and neither produced nor scheduled any documents whatsoever.

Our understanding is that Cerner will provide a knowledgeable witness consistent with the scope of the Court's order concerning the documents.  Cerner will also provide a

Honorable Barbara C. Moses  Page 4 of 4
July 24, 2020

witness with knowledge of Cerner's HIPAA training and compliance efforts, including the protocol it followed when cutting off access to Plaintiffs' medical records.

Topic 4
Cerner agreed to provide a knowledgeable witness concerning the later-discovered problem with its system which resulted in dozens of Dr. Fung-Schwartz's claims never being processed. It also agreed to provide a knowledgeable witness concerning its response to Dr. Fung-Schwartz's complaints.

Conclusion
Plaintiffs respectfully request the Court rule that:

1. Cerner provide un-redacted copies of the documents the Court already ordered Cerner to produce concerning complaints from other doctors and practices;
2. Cerner provide a 30(b)(6) witness concerning complaints from other doctors and practices;
3. Cerner provide a 30(b)(6) witness concerning the circumstances surrounding each change in Plaintiffs' access to their electronic medical records in October 2016 and January 2017; and
4. The 30(b)(6) depositions may be completed after July 31, 2020 if the Court has not ruled in advance of the depositions.

Respectfully submitted,

/s/ Elizabeth Shieldkret

Elizabeth Shieldkret

Enclosure (Filed Under Seal)

---

Application DENIED without prejudice to refiling in compliance with Moses Ind. Prac. § 2(b). The Court notes that plaintiffs have not attached copies of the disputed Rule 30(b)(6) notice or the response thereto. SO ORDERED.

_____
Barbara Moses, U.S.M.J.
July 28, 2020