

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER FUNG-SCHWARTZ, et al.,

    Plaintiffs,

-against-

CERNER CORPORATION, et al.,

    Defendants.

17-CV-0233 (VSB) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On August 27, 2020, the Court conducted a discovery conference to resolve the disputes raised in (1) the letter-motion dated July 30, 2020 (Def. July 30 Ltr.) (Dkt. No. 117), filed by defendants Cerner Healthcare Solutions, Inc. (Cerner Solutions) and its affiliate Cerner Corporation (collectively Cerner), seeking a protective order limiting the scope of the Fed. R. Civ. P. 30(b)(6) deposition notice served on them by plaintiffs Dr. Jennifer Fung-Schwartz, D.P.M. (Dr. Fung-Schwartz) and her wholly owned podiatry practice, Jennifer Fung-Schwartz, DPM, LLC (the Practice); (2) plaintiffs' letter-motion dated August 13, 2020 (Pl. Aug. 13 Ltr.) (Dkt. No. 119), requesting an order requiring defendants to make data in its electronic billing system available to plaintiffs in electronic form, and related relief; and (3) the parties' joint letter, filed on August 26, 2020 (Aug. 26 Joint Ltr.) (Dkt. No. 124), in which plaintiffs requested additional relief in the form of an order precluding the testimony of four potential trial witnesses identified as such by defendants on July 31, 2020 or, in the alternative, permitting plaintiffs to expand the topics for Cerner's Rule 30(b)(6) deposition.

The Court carefully reviewed the parties' letters, discussed the issues at length with counsel during the August 27 conference, and exercised its "broad discretion to manage the manner in which discovery proceeds," *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65,

69 (2d Cir. 2003), to grant some but not all of the relief requested. This Order memorializes the rulings first made orally during the conference.

      A.      **Rule 30(b)(6) Deposition Topics**

Plaintiffs served their Rule 30(b)(6) deposition notice on July 20, 2020, less than two weeks before the close of all fact discovery on July 31, 2020, seeking testimony concerning the following four topics:

1. The contracts and sales orders between any Plaintiff and any Defendant, including but not limited to which Defendant (or Cerner Physician Practice, Inc.) or outside contractor was responsible for performing each of the services and contract management.

2. HHS FAQ 2074 and/or HIPAA compliance.

3. The circumstances surrounding each change in Plaintiffs' access to their electronic medical records in October 2016 and January 2017.

4. Problems, complaints or issues with Cerner's BOS services.

Def. July 30 Ltr. Ex. A (Dkt. No. 117-1), at ECF page 3.

"Like other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26 – deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'" *Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78, 81 (S.D.N.Y. 2019) (quoting *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017)) (citations omitted). Therefore, "courts should scrutinize Rule 30(b)(6) notice topics for proportionality, burden and reasonable particularity to ensure that the responding party can select and prepare the most suitable witness and so that the topics do not engender abuse of the process by either party." *Blackrock Allocation Target Shares*, 2017 WL 9400671, at *2.

As written, all four of the topics set forth in plaintiffs' Rule 30(b)(6) deposition notice were overbroad, disproportional to the needs of the case, and lacked the particularity necessary for defendants to select and prepare a suitable witness. Topic 1 appeared to seek testimony concerning every aspect of every contract and sales order between the parties since 2006, when Dr. Fung-Schwartz first contracted with Cerner to provide electronic medical records (EMR) service. *See* Second Amended Complaint (SAC) (Dkt. No. 54) ¶ 17 & Ex. 1 (EMR contract). However, plaintiffs' claims all arise out of or post-date what plaintiffs call the "2014 RCM contract," SAC ¶ 103, under which Cerner agreed to provide revenue cycle management (RCM) services to Dr. Fung-Schwartz. See *id*. ¶ 39 ("Accordingly, in 2014, the Practice contracted with Cerner Solutions for Cerner Solutions and Cerner Corp. to provide billing services by submitting a signed sales order to Cerner Corp."); *id*. Ex. 2 (2014 sales order signed by Dr. Fung-Schwartz).[1]

Topic 2 was even broader, particularly insofar as it sought testimony concerning "HIPAA compliance" – an issue that touches almost every function of a company in the business of providing electronic medical records (EMR) and RCM services to doctors and hospitals.[2] Topic

---

[1] As the district judge noted, plaintiffs' breach of contract claim (now pleaded at SAC ¶¶ 135-38) is premised upon the "2014 Agreement." Opinion & Order dated Sept. 13, 2018 (2018 Op. & Order) (Dkt. No. 49), at 29. Similarly, plaintiffs' surviving fraud claim alleges that defendants made false statements to induce Dr. Fung-Schwartz to enter into the "2014 Agreement." Opinion & Order dated Sept. 13, 2019 (2019 Op. & Order) (Dkt. No. 64), at 8, 14; *see also* SAC ¶¶ 38-39, 64, 102-04. Plaintiffs' remaining tort claims – for conversion, tortious interference, and negligence – also arise out of defendants' conduct during and after the term of the 2014 RCM contract. *See* SAC ¶¶ 112-27, 139-44.

[2] Cerner Corporation, which trades on NASDAQ, describes itself as a "leading provider of health care information technology ('HCIT') solutions and tech-enabled services," focused on "creating innovation at the intersection of health care and information technology." Cerner Corporation, Annual Report on Form 10-K (Feb. 10, 2020), at 1-3, available at https://investors.cerner.com/static-files/76f818ce-efad-4959-99b0-502a6f869d9f (last visited Sept. 2, 2020). In 2019, Cerner Corporation reported almost $5.7 million in revenue and employed "27,400 associates worldwide." *Id*. at 6, 25.

3 was confusing, in that it sought testimony concerning a change in plaintiffs' access to their EMR in January 2017, but no such incident is alleged in the pleadings. Topic 4, on its face, required defendants to provide witnesses knowledgeable about every "problem," "complaint," or "issue" ever raised – by anyone, at any time – about Cerner's business office services (BOS) segment, which the Court understands to include RCM services.[3]

Although defendants promptly raised their overbreadth objections (by email, on July 21, 2020) plaintiffs' response (by email, on July 23, 2020) did little to clarify or limit the topics. *See* Def. July 30 Ltr. Exs. B-C.[4] Plaintiff's August 4, 2020 letter to the Court (Pl. Aug. 4 Ltr.) (Dkt. No. 118), filed in opposition to defendants' July 30 letter-motion, filled in the picture to some degree.[5] It was not until the August 27 discovery conference, however, that plaintiffs' counsel fully explained the scope of the testimony sought, in some cases raising issues that were not

---

[3] Plaintiffs previously sought similarly broad written discovery concerning complaints received by defendants about their products and services. (*See* Dkt. No. 86 at ECF pages 21-22, 41, 49-5, 65-67.) On May 22, 2020, the Court narrowed the scope of written discovery in this area, directing defendants to produce "documents concerning complaints made by individual physicians or private medical practices about Cerner Solutions' BOS products and services within the three-year period ending with the execution of the [2014] RCM contract," as well as "complaints received from Dr. Fung-Schwartz's patients," but denying plaintiffs' request for broader discovery into "complaints." (Dkt. No. 89 at 8).

[4] For example, with respect to Topic 1, counsel explained in her July 23 email that the topic referred to "a handful of documents which have been produced as relevant in this action," "most" of which were marked at a recent deposition, and also "cover[ed] who performed the services under the contracts." Def. July 30 Ltr. Ex. C. Plaintiffs did not further identify the contracts as to which they sought deposition testimony, nor the scope of that testimony

[5] For example, with respect to Topic 1, the August 4 letter stated that plaintiffs sought testimony concerning Cerner's contract management procedures, including whether Cerner ever countersigned the 2014 RCM sales agreement upon which plaintiffs premise their breach of contract claim (SAC Ex. 2) or other "contracts and sales orders." Pl. Aug. 4 Ltr. at 2-3. Plaintiffs were interested in this information, the letter explained, because the 2006 EMR contract (SAC Ex. 1), which is fully-executed, "requires both parties to sign a sales order for it to become effective." *Id*. at 2. Thus, the letter reasoned, if (as appears to be the case) the 2014 RCM sales order was not countersigned by Cerner, there might not be any "contract for BOS services between the parties." *Id*. at 3.

discussed in counsel's pre-motion correspondence or in plaintiffs' letter-briefs.[6] Once those issues were presented and discussed, it became apparent that the parties' disputes were narrower than they first appeared.

It is hereby ORDERED that the Rule 30(b)(6) deposition shall take place no later than **September 17, 2020**, on a date reasonably convenient to counsel and the witnesses. The parties shall use their best efforts to limit the deposition to seven hours of testimony in the aggregate, with allowances, if necessary, for any delays caused by the use of remote deposition technology.

It is further ORDERED that Cerner's Rule 30(b)(6) witness(es) shall be prepared to testify as follows:

### *Topic 1 – Contracts and Sales Orders*

The Topic 1 witness shall be adequately prepared to testify, on behalf of both defendants, concerning which defendant, corporate affiliate, or third-party contractor was responsible for performing the various services required under the 2014 RCM contract. The Topic 1 witness shall also be prepared to testify generally concerning Cerner's contract management system throughout the parties' business relationship, and specifically about whether plaintiffs' various sales orders and other contractual documents were countersigned by defendants – and, if not, whether defendants believed that the lack of countersignatures had any effect on the parties' obligations thereunder. Defendants need not provide Rule 30(b)(6) testimony concerning the limitation of liability issue, which is legal rather than factual in nature.

### *Topic 2 – HHS FAQ 2074/HIPAA*

The Topic 2 witness shall be adequately prepared to testify, on behalf of both defendants,

---

[6] For example, with respect to Topic 1, counsel explained during the August 27 conference that plaintiffs also sought testimony concerning the "limitation of liability" clause in the parties' 2006 EMR contract, because that clause potentially conflicts with a similar clause in the 2014 RCM contract.

about (a) defendants' interpretation and implementation of HHS FAQ 2074; and (b) defendants' policies, practices and procedures (both before and after HHS FAQ 2074) concerning making changes to a customer's EMR access as a result of nonpayment or in the context of a billing dispute; and (c) any training that Cerner personnel received between the issuance of HHS FAQ 2074 and defendants' alleged restriction or cutoff of plaintiffs' EMR access in October 2016. In addition, defendants shall make a witness available to testify, on behalf of both defendants, about whether the parties' 2006 "business associate contract" (SAC Ex. 1, at ECF pages 8-10) was countersigned by defendants – and, if not, whether defendants believed that the lack of countersignature had any effect on the parties' obligations thereunder or under HIPAA.

### *Topic 3 – EMR Access Change*

The Topic 3 witness shall be adequately prepared to testify, on behalf of both defendants, about the October 2016 incidents in which plaintiffs claim that their EMR access (or their access to the EMR through Citrix) was restricted or cut off. Defendants need not provide Rule 30(b)(6) testimony concerning the incident in January 2017, which is unpleaded and which in any event involved an insurance verification module rather than EMR.

### *Topic 4 – BOS Complaints*

The Topic 4 witness shall be adequately prepared to testify, on behalf of both defendants, about "the specific complaints with BOS" that plaintiffs identified in the SAC. *See* Def. July 30 Ltr. at 4. Defendants need not provide testimony concerning the particulars of each complaint made by individual physicians or private medical practices about Cerner Solutions' BOS products and services within the three-year period ending with the execution of the 2014 RCM contract, which were produced (in redacted form) in response to the Court's May 22, 2020 order. (Dkt. No. 89.) However, prior to the Rule 30(b)(6) deposition, defendants shall assign a code to

each complaining doctor or practice, provide a key, or otherwise supply sufficient information for plaintiffs to understand which complaint-related documents concern which complainants. The Topic 4 witness shall be also be prepared to testify regarding (a) the existence, authenticity, and general nature of the complaints produced in response to the May 22 order; (b) the existence and general nature of "the problem Cerner later identified concerning approximately 550,000 claims, including dozens of Plaintiffs' claims," Pl. Aug. 4 Ltr. at 4, which the Court understands to involve "suspended charges," and (c) the impact of the "suspended charges" problem on plaintiffs' insurance claims specifically.

### B. Billing Data Production Format

Plaintiffs requested an order compelling defendants to "make the billing data in its electronic billing system available to Plaintiffs in electronic format" for use by their expert. Pl. Aug. 13 Ltr. at 1. Defendants insisted that plaintiffs had "already received or have access to" all of the data sought. Def. Aug. 18 Ltr. (Dkt. No. 120) at 2. Plaintiffs' counsel asserted, during the August 27 hearing, that plaintiffs could "see the data" but were unable to extract it other than through a cumbersome processing involving printing it out and "rekey[ing] it in to create a new database. Defendants' counsel responded that defendants "were in no greater position than plaintiffs," and that either party would be required to "convert it using a converter."

The Court cannot resolve the parties' factual dispute based on the letter-briefs filed or the arguments of counsel, who were necessarily relying on information provided to them by the partiers' respective technical experts or consultants, who were retained to assist with the production and use of electronically stored information (ESI) in this action but who were not present during the conference. Consequently, it is hereby ORDERED that counsel shall arrange for their respective technical experts or consultants to meet and confer on or before **September**

**3, 2020** (with counsel on the line), to discuss how best to export, extract or download the "billing data in [Cerner's] electronic billing system," in electronic format, which plaintiffs seek in order to prepare their expert damages report, Pl. Aug. 13 Ltr. at 1, including "[t]he complete patient ledger for each of plaintiffs' patients for whom Cerner submitted a claim to any payor or to whom Cerner sent a bill or statement." Aug. 26 Joint Ltr. Ex. 2, at ECF page 20 (¶ 67). If after the experts have consulted the parties continue to dispute whether and how Cerner should be required to provide additional ESI to plaintiffs, the parties shall inform the Court by joint letter no later no later than **September 4, 2020**, and shall be prepared to support their respective positions with affidavits or other competent testimony from their technical experts.

    C.    **Four New Witnesses**

Plaintiffs contend that defendants belatedly identified four new potential witnesses in their Fourth Amended Rule 26(a) Disclosures, served on July 31, 2020. Aug. 26 Joint Ltr. at 1. The witnesses are Alissa Walters, Casey Sanders, JD Slaughter, and Shawn Lerner. *Id*. Ex. 1, at ECF page 10. Defendants note that three of these individuals were previously disclosed, in interrogatory responses, on June 30, 2020, *see id*. at ECF page 30, and argue that all four of them were added to defendants' Rule 26(a) disclosures promptly after plaintiffs raised various "new issues" through their Rule 30(b)(6) deposition notice. Aug. 26 Joint Ltr. at 3.

It is hereby ORDERED that, to the extent plaintiffs wish to take the deposition of one or more of the four newly-identified potential witnesses, they shall serve their deposition notice(s) no later than **September 4, 2020.** As to JD Slaughter, who is no longer employed by Cerner, plaintiffs must also serve him with a subpoena, unless arrangements can be made for Cerner's counsel to accept such a subpoena and/or arrange for the witness's voluntary appearance. The

depositions shall be completed no later than **September 25, 2020**, and shall be limited to two hours each.

### D. Expert Discovery Schedule

The close of fact discovery is EXTENDED to **September 25, 2020**, for the limited purposes set forth above.

The partiers' expert discovery deadlines are EXTENDED as follows:

(1) affirmative expert reports – **October 15, 2020**;

(2) rebuttal expert reports – **November 13, 2020**;

(3) expert depositions – **December 15, 2020.**

All discovery shall be completed no later than **December 15, 2020**.

Dated: New York, New York
      September 2, 2020      **SO ORDERED**

**BARBARA MOSES**
**United States Magistrate Judge**