

# Elizabeth Shieldkret
Attorney at Law

67-20 Exeter Street
Forest Hills, NY 11375

Phone:  (718) 997-0290      Email:  es@eshieldkret.com
Fax:  (718) 997-0291     Web:  www.eshieldkret.com

January 22, 2021

<u>By ECF</u>

Honorable Barbara C. Moses
United States Magistrate Judge
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

               Re:    <u>*Fung-Schwartz v. Cerner*, 17 Civ. 233 (VSB)(BCM)</u>

Dear Judge Moses:

I represent Plaintiffs in the above-captioned action.  I write in response to Mr. Fanning's January 20, 2021 letter to the Court concerning Cerner's expert, Ms. Gallagher.

1.      <u>Cerner Twice Disclosed Ms. Gallagher as a Non-Retained Expert</u>
On March 11, 2020, Cerner disclosed Ms. Gallagher as a fact witness on its Initial Disclosures, signed by Cerner's counsel, Mr. Fanning and Ms. Del Vecchio, as an "Individual[] Likely to Have Discoverable Information" concerning, "Dr. Fung-Schwartz's Outstanding A/R."  Cerner's August 14, 2020 disclosure – again signed by Cerner's counsel, Mr. Fanning and Ms. Del Vecchio, states:

> Pursuant to Fed. R. Civ. P. 26(a)(2)(C), Defendant Cerner Healthcare Solutions, Inc. ("Cerner Solutions") discloses Ms. Lisa Gallagher as an expert not retained or specially employed to provide expert testimony in this case.

(Dkt. No. 153-1, p. 2).  On October 15, 2020, Ms. Gallagher identified herself as a non-retained expert, signing a statement saying:

> As I am a non-retained expert, I have not charged for my work performed in preparing my opinions in this lawsuit.

(Dkt. No. 153-2, p. 2).

Honorable Barbara C. Moses								Page 2 of 3
January 22, 2021

2.		Mr. Fanning's January 20, 2021 Letter
In his January 20, 2021 letter to the Court, Mr. Fanning claims Plaintiffs, "have raised an issue concerning the date of Ms. Gallagher's first involvement (pre-litigation vs. post-litigation)." However, the date of Ms. Gallagher's involvement is not the issue under Rule 26(a)(2)(B), which states:

> Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one <u>retained</u> or <u>specially employed</u> to provide expert testimony in the case or <u>one whose duties as the party's employee regularly involve giving expert testimony</u>.

(emphasis added).

Mr. Fanning's January 18, 2021 opposition letter again reiterated that Ms. Gallagher is not retained. (Dkt. No. 155, p. 3). Nor does Mr. Fanning ever deny that Cerner served a signed statement that Ms. Gallagher is a non-retained expert and her testimony is offered under Rule 26(a)(2)(C). Furthermore, he does not contradict his previous signed statement that Ms. Gallagher is "not retained or specially employed to provide expert testimony in this case."

Accordingly, as set forth in detail in Plaintiffs' January 14, 2020 letter (Dkt. No. 153), all the documents and communications Ms. Gallagher generated, saw, read, reviewed, and/or reflected upon in connection with her analysis are discoverable and not privileged. The protection of Rule 26(b)(4)(C) only applies to retained experts under Rule 26(a)(2)(B). *See, e.g.*, Advisory Committee Notes to the 2010 amendments, *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 2016 U.S. Dist. LEXIS 93348 at *14-18 (D. MN 2016); *United States v. Sierra Pac. Indus.*, 2011 U.S. Dist. LEXIS 60372 at *32-33 (E.D. Cal. May 26, 2011)(emphasis added).

Yet Cerner has repeatedly refused to produce Defendants' correspondence with Ms. Gallagher so that Plaintiff can take her deposition. Moreover, Cerner refuses to identify any basis for withholding them.[3]

---

[3]		As set forth in Plaintiffs' January 14, 2021letter to the Court (Dkt. No. 153), since December, Plaintiffs repeatedly asked Defendants to at least schedule the documents they are withholding on a privilege log. Defendants stalled, saying they would get back with a response, but they did not. Defendants further stalled, refusing to identify a time any of the three were available to meet aand confer. Finally, on January 13, 2021, Mr. Fanning refused to produce the documents or even schedule them on a privilege log.

Honorable Barbara C. Moses  Page 3 of 3
January 22, 2021

Cerner cites no authority whatsoever for its position that it can evade the clear waiver of privilege under Rule 26(a)(2)(C) merely by providing a second disclosure and claiming it is somehow a report under Rule 26(a)(2)(B).[4]

Accordingly, Plaintiffs request a ruling that Cerner produce all the documents and communications Ms. Gallagher generated, saw, read, reviewed, and/or reflected upon in connection with her analysis related to her role as an expert so Plaintiff can take her deposition.

Respectfully submitted,

/s/ Elizabeth Shieldkret

Elizabeth Shieldkret

---

[4] In fact, Ms. Gallagher's "report" fails to meet what Cerner has asserted are the requirements of Rule 26(a)(2)(B). As just one example, Ms. Gallagher fails to disclose the formula she used to take payments into account in the basis for an interest calculation. As another example, she fails to explain whether either interest or late payments are subject to compounding and, if so, what formula she used. Cerner prreviously alleged that Plaintiffs' expert failed to, "show his math." (Dkt. 145, p. 3). By hiding the formulas and assumptions she has made, Ms. Gallagherr fails to "show her math" and fails to meet the requirement of Rule 26(a)(2)(B) according to Cerner's own standard.