USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/27/2021

'UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER FUNG-SCHWARTZ, et al.,

     Plaintiffs,

  -against-

CERNER CORPORATION, et al.,

     Defendants.

17-CV-0233 (VSB) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By order dated January 19, 2021 (Jan. 19 Order) (Dkt. No. 156), I postponed the deposition of Lisa Gallagher, one of defendants' expert witnesses, pending full letter-briefing on plaintiffs' application for an order requiring defendants to produce all communications between Ms. Gallagher and defendants' counsel. Briefing has now been completed. For the reasons that follow, plaintiffs' application will be denied.

## Background

Plaintiffs in this action are Jennifer Fung-Schwartz, DPM (Dr. Fung-Schwartz), and her wholly-owned podiatry practice, Jennifer Fung-Schwartz, DPM, LLC (the Practice). Defendants are Cerner Healthcare Solutions, Inc. (Cerner Solutions) and its affiliate Cerner Corporation (collectively, Cerner). In 2006, Dr. Fung-Schwartz contracted with Cerner Corporation d/b/a Cerner Physician Practice, Inc. to provide electronic medical records (EMR) services, and in 2014 she contracted with Cerner Solutions to provide billing and other revenue cycle management (RCM) services to the Practice. Second Amended Complaint (SAC) (Dkt. No. 54) ¶¶ 17, 39 & Exs. 1-3. Unhappy with the RCM services, Dr. Fung-Schwartz terminated that contract in 2016, but continued to use Cerner's EMR software to access patient records online. *Id.* ¶¶ 83-84, 87. The SAC asserts a variety of claims against both defendants, some arising out of the RCM contract and others out of Cerner's efforts to terminate the EMR contract for

nonpayment, including its alleged temporary "cut off" of Dr. Fung-Schwartz's access to the EMR in October 2016, *id.* ¶¶ 95-97, and its alleged failure to migrate the records *in toto* (including Dr. Fung-Schwartz's drawings of patients' feet) to another EMR system. *Id.* ¶¶ 100, 117.

Cerner Solutions counterclaimed, alleging that Dr. Fung-Schwartz "remains on [its] electronic health record platform to this day," but has made no payments for her ongoing EMR service since 2016. Answer to Second Amended Complaint and Counterclaim (Dkt. No. 65) at 17-18, ¶¶ 7-8, 14, 21, 29. Cerner Solutions seeks damages for breach of contract or, in the alternative, *quantum meruit* recovery, in both cases measured by the unpaid EMR bills that it has sent to Dr. Fung-Schwartz since 2016, plus interest and penalties. *Id.* at 19-21.

## **Rule 26(a)(2) and (b)(4)**

Rule 26(a)(2)(B) sets forth specific disclosure requirements for a "retained expert," that is, an expert witness who is "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony." Unless otherwise stipulated or ordered by the court, the party calling a retained expert must provide a detailed written report, signed by the expert, which includes a complete statement of all opinions that she will express and the basis and reasons for them; the facts and data she considered; any exhibits that will be used to summarize or support her opinions; and details concerning her qualifications, past expert testimony, and compensation. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). If an expert witness is "not required to provide a written report," the party calling that witness need only disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).
...

Rule 26(b)(4)(A) permits discovery of both reporting and non-reporting experts. However, their draft reports (under Rule 26(a)(2)(B)) or disclosures (under Rule 26(a)(2)(C)) are protected from discovery as work product. Fed. R. Civ. P. 26(b)(4)(B). Additionally, "communications between the party's attorney and a witness required to provide a Report under Rule 26(a)(2)(B)" are protected from discovery as work product, "regardless of the form of the communications," except to the extent the communications relate to the expert's compensation, identify facts or data provided to the expert by the attorney, or identify assumptions that the attorney asked the expert to make. Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii). The automatic protection for communications "is limited to communications between *an expert witness required to provide a report under Rule 26(a)(2)(B)* and the attorney for the party on whose behalf the witness will be testifying," and "does not itself protect communications between counsel and other expert witnesses, such as those for whom disclosure is required Rule 26(a)(2)(C)." Fed. R. Civ. P. 26(b) advisory committee's note to 2010 amendment (emphasis added).[1]

### Lisa Gallagher

Ms. Gallagher is employed by Cerner Corporation as its Senior Director of Client Financial Operations. She was first disclosed as a potential witness in this case pursuant to Fed.

---

[1] This is not to say that communications with non-reporting experts are "discoverable in all cases." *United States v. Sierra Pacific Indus.*, 2011 WL 2119078, at *7 (E.D. Cal. May 26, 2011). To the contrary: Rule 26(b)(4)(C) does not "abrogate[ ] any existing protections for such communications." *Id.*; *see also* Fed. R. Civ. P. 26(b) advisory committee's note to 2010 amendment ("The rule does not exclude protections under other doctrines, such as privilege or independent development of the work product doctrine."). As the *Sierra Pacific* court stated, "[s]ome of these non-reporting witnesses should not be treated differently than reporting expert witnesses." 2011 WL 2119078, at *10. However, other non-reporting witnesses, such as "treating physicians and accident investigators, should be treated differently than reporting witnesses with respect to the discoverability of their communications with counsel." *Id*. The court reasoned that because treating physicians and accident investigators are "hybrid fact and expert opinion witnesses" who will testify concerning their "own personal knowledge of facts," permitting discovery into their communications with counsel could help "prevent, or at any rate expose, attorney-caused bias." *Id*.

R. Civ. P. 26(a)(1) and (e)(1) on March 11, 2020, when defendants advised that she had information concerning "Dr. Fung-Schwartz's Outstanding A/R." (Dkt. No. 124 at ECF page 7.)

Thereafter, on August 14, 2020, Cerner Solution disclosed Ms. Gallagher pursuant to Fed. R. Civ. P. 26(a)(2)(C) as an "expert not retained or specially employed to provide expert testimony in this case" who would testify concerning Cerner Solutions' counterclaim damages. (Dkt. No. 153-1 at 1.) In its disclosure, Cerner Solutions explained that Ms. Gallagher is "familiar with, and has reviewed, Cerner Solutions' invoices to Dr. Fung-Schwartz," as well as the underlying contracts and sales orders, and was expected to testify about the invoices, the contracts and sales orders, the "amount of Cerner Solutions' counterclaim [damages] based on the invoices," and the "reasonable value of Cerner Solutions' [EMR] software, services, and support based on the amounts Plaintiffs agreed to pay (and Cerner Solutions agreed to charge) when the parties negotiated the terms of their business relationship." (*Id*. at 1-2.) Cerner Solutions explained that "Ms. Gallagher's calculation of amounts owed is not yet final," because Dr. Fung-Schwartz was continuing to use the EMR software without paying for it, but represented that she would provide "the actual calculation of the amounts owed to Cerner Solutions before trial." (*Id*. at 2.)

On August 27, 2020, during a discovery conference, plaintiffs' counsel Elizabeth Shieldkret complained that defendants' disclosure as to Ms. Gallagher was inadequate. Counsel argued that Ms. Gallagher should be treated like a retained expert and required to provide a written report pursuant to Rule 26(a)(2)(B) because she "does not work for the party that's asserting the [counter]claim," and because there were only "literally three emails in the production that have her name on them," and as to those she was merely "cc'd," so "she's really not a percipient witness." Tr. of Aug. 27, 2020 Conf. (Tr.) (Dkt. No. 133) at 80:7-15.

4

For clarity's sake, the Court asked counsel to confirm the thrust of her argument:

| | |
|---|---|
| The Court: | But as I understand Ms. Shieldkret's point, she's saying that if Ms. Gallagher is going to present opinions, then she should be treated as a specially retained expert because she does not actually work in-house for the entity which is asserting the counterclaim and Ms. Shieldkret does not believe, regardless of who her paycheck comes from, that she has percipient knowledge of the underlying facts, that is, that she was involved in the billing process before someone asked her to add up the invoices for damages purposes. Is that right, Ms. Shieldkret? |
| Ms. Shieldkret: | Yes, your Honor. |

*Id*. at 81:10-20.

Noting that defendants' deadline for serving formal expert reports pursuant to Rule 26(a)(2)(B) was October 15, 2020, the Court reserved ruling on the dispute concerning the Gallagher disclosures "until we see what is produced on October 15." *Id*. at 82:16-17.

On October 15, 2020, defendants served a formal expert report, signed by Ms. Gallagher, which appears to include all of the information required by Rule 26(a)(2)(B). In the report, Ms. Gallagher reiterates that she is a "non-retained expert" who has not charged defendants for her work in preparing her opinions. Gallagher Rep. (Dkt. No. 153-2) at 1. Ms. Gallagher then lists the contracts, invoices, and other documents she has reviewed, *id*. at 2; explains how she calculated Cerner Solutions' counterclaim damages, *id*. at 3-4; and concludes that as of October 15, 2020, Dr. Fung-Schwartz owed Cerner Solutions the principal amount of $61,621.75, plus $31,720.36 in late fees and $15,860.18 in interest, computed at the rate of 9%. *Id*. at 5. Her calculations are backed by spreadsheets providing details of her principal, late fee, and interest calculations. Gallagher Rep. Exs. A, B (Dkt. No. 157-1).

## Plaintiffs' Application

On January 14, 2021 – three months after they received the Gallagher Report and one week before the January 22, 2021 deadline for completing expert depositions – plaintiffs

5

submitted a letter-application (Pl. Ltr.) (Dkt. No. 153) seeking, *inter alia*, to compel the production of communications between Cerner's counsel and Ms. Gallagher and to postpone the Gallagher deposition pending decision on the motion to compel. Plaintiffs characterize Ms. Gallagher as a fact witness, at least in part, *see* Pl. Ltr. at 2 ("There are emails on which Ms. Gallagher's [sic] was cc'ed in the production."), and emphasize that she has been repeatedly identified as a "non-retained expert." *Id*. at 3. Therefore, according to plaintiffs, Ms. Gallagher is not entitled to the protection conferred by Rule 26(b)(4)(C) and must disclose all of her communications with counsel "about her expert disclosure." *Id*.

On January 18, 2021, defendants filed an opposition letter (Def. Ltr.) (Dkt. No. 155) consenting to the temporary postponement of the Gallagher deposition but opposing the motion to compel. Defendants argue that Ms. Gallagher is "a reporting expert," having produced a "full report" pursuant to Rule 26(a)(2)(B) at plaintiffs' insistence. Def. Ltr. at 3. They add that Ms. Gallagher did not "become involved in this matter" until after litigation commenced, and characterize her involvement as limited to calculating what Dr. Fung-Schwartz would be charged after terminating the RCM contract and how much she now owes after failing to pay her bills since 2016. *Id*.

The next day, I granted plaintiffs' application it insofar as it sought an adjournment of the Gallagher deposition, pending receipt of plaintiffs' reply letter and decision on the motion to compel. Jan. 19 Order at 2, 4. On January 20, 2021, defendants filed a supplemental letter-brief (Def. Supp. Ltr.) (Dkt. No. 157) attaching the exhibits to the Gallagher Report (which plaintiffs neglected to attach to her moving letter). On January 22, 2021, plaintiffs filed their reply letter-brief (Pl. Reply Ltr.) (Dkt. No. 158), emphasizing Ms. Gallagher's undisputed status as a "non-retained expert." Pl. Reply Ltr. at 1-2.

**Analysis**

As noted above, plaintiffs' motion to compel rests primarily on their assertion that Ms. Gallagher is a "non-retained" expert and therefore that her communications with defendants' counsel are not protected by Rule 26(b)(4)(C). *See* Pl. Ltr. at 3 ("Because Ms. Gallagher is a non-retained expert under Rule 26(a)(2)(C), Fed. R. Civ. P., counsel's communications with Ms. Gallagher about her expert disclosures are not protected."); Pl. Reply Ltr. at 2 ("The protection of Rule 26(b)(4)(C) only applies to retained experts under Rule 26(a)(2)(B).").

Plaintiffs overlook the express language of Rule 26(b)(4)(C). It protects, as work product, "communications between the party's attorney and *any witness required to provide a report under Rule 26(a)(2)(B)*." (Emphasis added.) The threshold question for me, therefore, is not whether Ms. Gallagher is a retained or non-retained expert; it is whether she is a reporting or non-reporting expert. Plaintiffs themselves answered that question on August 27, 2020, when they argued – successfully, as it turned out – that Ms. Gallagher should be required to provide a report under Rule 26(a)(2)(B). Tr. at 80:7-81:20. Having pressed that point in August, and having received a Rule 26(a)(2)(B) report in October, plaintiffs have waived the right to reverse course in January and obtain, in effect, the best of both worlds: a detailed report pursuant to Rule 26(a)(2)(B) *and* full disclosure of the expert's communications with counsel, which is ordinarily available only for (some) non-reporting experts.[2]

Similarly, after arguing last August that Ms. Gallagher is "really not a percipient witness." Tr. at 80:14-15, it ill behooves plaintiffs to suggest in January that because "[t]here are

---

[2] In their reply letter, plaintiffs complain – for the first time – that the Gallagher Report fails to meet the requirements of Rule 26(a)(2)(B) because Ms. Gallagher failed to "show her math," Pl. Reply Ltr. at 3 n.4, including the "formula" she used "to take payments into account as the basis for the interest calculation" and whether she used compounding to compute the late fees or the interest owed. But Ms. Gallagher does show her math: the spreadsheets attached to her report as Exhibits A and B appear to detail quite precisely how she arrived at her mathematical conclusions. Plaintiffs may of course seek further clarification at Ms. Gallagher's deposition.

emails on which Ms. Gallagher[ ] was cc'ed in the production," she may be "an important fact witness," Pl. Ltr. at 2-3 (quoting *Sierra Pacific*, 2011 WL 2119078, at *10) (emphasis supplied by plaintiffs). Insofar as the present record discloses, Ms. Gallagher's percipient knowledge, which was acquired only after litigation was commenced, is extremely limited. Unlike a treating physician or an accident investigator, Ms. Gallagher will testify primarily as a damages expert whose main function was to add up unpaid invoices and calculate contractual late fees and interest. Even if plaintiffs had not insisted that Ms. Gallagher report under Rule 26(a)(2)(B), therefore, she may well have fallen into the category of non-reporting witnesses who "should not be treated differently than reporting expert witnesses." *Sierra Pacific*, 2011 WL 2119078, at *10.

## Conclusion

For the reasons stated above, defendants are entitled to the protection of Rule 26(b)(4)(C) with respect to Ms. Gallagher. Plaintiffs' motion to compel production of her communications with defendants' counsel is **DENIED** except to the extent that those communications:

(i) relate to compensation for the expert's study or testimony;

(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii).

Any communications falling into subsections (i)-(iii) of Rule 26(b)(4)(C) shall be produced no later than **February 3, 2021**. If plaintiffs still wish to take Ms. Gallagher's deposition, they shall do so no later than **February 10, 2021**. If and to the extent the parties contend that they cannot adequately answer one or more of the pending contention interrogatories without hearing the testimony of Ms. Gallagher (*see* Def. Supp. Ltr. at 1), they

shall answer those interrogatories (or update any prior answers requiring supplementation, *see* Fed. R. Civ. P. 26(e)(1)), no later than **February 18, 2021**.

Dated: New York, New York
January 27, 2021    **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**