```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
JENNIFER FUNG-SCHWARTZ, MD, et al.,                        :
                                                           :
                                Plaintiffs,                :
                                                           :                17-CV-233 (VSB)
                - against -                                :
                                                           :                  ORDER
CERNER CORPORATION, et al.,                                :
                                                           :
                                Defendants.                :
                                                           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On March 4, 2020, Magistrate Judge Barbara Moses entered a Protective Order detailing how the parties are to designate materials confidential in the course of discovery in this action. (Doc. 81 ("Protective Order").) The Protective Order states that "[n]otwithstanding the designation of materials as 'Confidential' in discovery, there is no presumption that such . . . [m]aterial will be filed with the Court under seal." (*Id.* ¶ 8.)

On March 23, 2021, Plaintiffs filed a letter with the Court in which they "request[ed] permission to file four of Defendants' documents under seal to give Defendants an opportunity to justify their requested sealing to the Court." (Doc. 161.) In essence, this letter was a preemptive opposition to an anticipated letter-motion from Defendants regarding sealing of exhibits that Plaintiffs filed with their motion for summary judgment, which Plaintiffs also filed on March 23, 2021. (*See* Doc. 161.)

On April 6, 2021, the same day Defendants filed papers in opposition to Plaintiffs' motion for summary judgment, (Docs. 164–66), Defendants filed a letter motion "request[ing] permission to file Exhibits B-D, E, I, and K-N to Defendants' Opposition to Plaintiffs' Motion

for Summary Judgment under seal." (Doc. 167.)  Defendants filed under provisional seal a copy of their letter, along with most, but not all, of the exhibits for which they sought sealing.  (*See* Doc. 168 (referencing but omitting Exhibits D & E).)   Defendants argued that the unfiled "Exhibit D contains excerpts" of a "deposition discussing . . . tax returns" that were deemed "attorney's eyes only" by Magistrate Judge Moses, and that the "other documents are deemed confidential under the parties' 2006 Master Agreement." (Doc. 167 at 1.)

On October 5, 2021, I entered an order directing Plaintiffs to state whether they opposed Defendants' request for sealing.  (Doc. 176.)  On October 8, 2021, Plaintiffs filed a letter opposing the requested sealing in all regards.  (Doc. 177.)  They argued that a confidentiality agreement alone is not a basis for sealing, and that the portions of Exhibit D Defendants sought to seal should "should be stricken" from the record because "these pages are not referenced in" the papers Defendants filed opposing summary judgment.  (*Id.* at 2–3.)

There is a presumption of public access to anything that qualifies as a "judicial document," i.e. "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'"  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).  The presumption is "at its strongest" when "the information at issue forms the basis of the court's adjudication." *Liberty Re (Bermuda) Ltd. v. Transamerica Occidental Life Ins. Co.*, No. 04 Civ. 5044(NRB), 2005 WL 1216292, at *6 (S.D.N.Y. May 23, 2005) (citation omitted).  And the presumption remains "strong" even where "the Court did not rely on" documents, so long as they were "brought to the Court's attention in connection with a contested matter."  *Accent Delight Int'l Ltd. v. Sotheby's*, 18-CV-9011 (JMF), 2019 WL 2602862, at *8 (S.D.N.Y. June 25, 2019) (citing *Lugosch*, 435 F.3d at 121). "[A]fter determining the weight of

the presumption of access, the court must balance competing considerations against it" by considering "countervailing factors include[ing] but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Mut. Marine Office, Inc. v. Transfercom Ltd.*, No. 08 Civ. 10367(PGG), 2009 WL 1025965, at *4 (S.D.N.Y. Apr. 15, 2009) (internal quotation marks and citations omitted). "The party seeking to maintain the seal carries the burden of demonstrating the need to seal." *Park Ave. Life Ins. Co. v. Allianz Life Ins. Co. of N. Am.*, 19-CV-1089 (JMF), 2019 WL 4688705, at *2 (S.D.N.Y. Sept. 25, 2019) (citing *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)).

Applying these standards, aside for the unfiled Exhibit D, Defendants' request to seal is DENIED. Where, as here, only proffered basis for a request to seal is a confidentiality agreement, that cannot "bind this Court" and compel sealing, especially in a case like this where the Protective Order expressly cautions the parties that confidentiality alone will not lead allow for filing documents under seal. *See Park Ave. Life Ins. Co.*, 2019 WL 4688705, at *3 (rejecting a request to seal in near-identical circumstances because "the mere existence of a confidentiality agreement . . . is insufficient to overcome the First Amendment presumption of access." (quoting *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11-CV-3694(LTS), 2011 WL 6015646, at *3 (S.D.N.Y. Nov. 30, 2011)). Accordingly, by October 15, 2021, Defendants are to publicly file all exhibits for which they sought sealing except for Exhibit D.

With regard to Exhibit D, Defendants' request to seal is DENIED without prejudice for Defendants to seek leave to file Exhibit D with appropriately limited redactions. If Defendants wish to seek this leave, they must do so no later than October 15, 2021, and they must file a

supporting letter motion with clear citations to the record and to supporting law,[1] a version of Exhibit D with proposed redactions, and an unredacted version of Exhibit D under provisional seal.  If Defendants do not seek this leave, then by October 18, 2021, they must publicly file Exhibit D on the docket.

The Clerk of Court is respectfully directed to close the open motions at docket numbers 161 and 167.

SO ORDERED.

Dated: October 12, 2021
New York, New York

Vernon S. Broderick
United States District Judge

---

[1] While Defendants stated that Judge Moses "ordered" certain "tax returns" "to be attorney's eyes only," (Doc. 167 at 1), they do not provide citation in support of this assertion.  And based upon my own review of the action, it appears Defendants may in fact be referring to an order in which Judge Moses allowed a "one page Historical Income Report" to be filed under seal on the grounds that it "includes sensitive financial information from the plaintiffs' tax forms that were previously disclosed by plaintiff and marked Confidential-For Attorneys Eyes Only." (Doc. 152.)